JUDGE ROBERTSON
delivered the opinion oe the court.
The fact, as alleged, that the appellant’s bond, secured by a lien on land, was bought by the County of Bath with a fund procured by the collection of taxes levied for paying the interest on bonds executed to the Lexington and Big Sandy Railroad Company only, makes the bond so purchased and assigned a trust fund, which holders of coupons might enforce with the lien. But this alleged conversion is no available ground for reclamation of taxes paid by tax-payers.
The lien-holder and assignor consenting to the enforcement of the lien in favor of the county, in this suit, the appellant’s objection to the capacity of the county court to buy the bond is unavailing as a defense to the action.
Nor can we adjudge that this action on the appellant’s assigned bond can be subjected to an equitable set-off, as attempted by his answer and cross-petition, alleging, as amended, his ownership of a large amount of certificates of payments of railroad taxes, the restitution of which is claimed on the allegation that the taxes were illegally levied, and that there was no legal obligation to pay them. Those allegations, as admitted by the demurrer to the amended answer, adjudged insufficient by the circuit court, are in our judgment also insufficient to entitle the tax-payers to enforced reclamation of the amount voluntarily paid; because even if they might have avoided payment by resistance, they may nevertheless have felt under an obligation, legal or moral, to pay, as the road had been, under faith in payment, partially constructed with the presumed knowledge and consent of the tax-payers. The allegations of the amended answer do not negative these presumptions and this equitable estoppel.
We therefore adjudge that there was no available error in sustaining the demurrer and rendering judgment for the enforcement of the asserted lien.
Wherefore the judgment is affirmed.