JUDGE COFER
delivered the opinion oe the court.
The improvement of one hundred and twenty feet on the east end of the alley, in 1866, was done according to the averments in the appellant’s answer, under a valid proceeding by the General Council, and in justice and equity the appellant and others who were required under that proceeding to pay for the work ought not to be compelled now to. contribute, equally with those who then paid nothing, to the improvement of the residue of the alley; and unless the law is imperative the chancellor should not have so adjudged, for to do so is to subject the appellant to a double burden.
The requirement of the present charter is that the cost of such improvements shall be apportioned against the lots in each fourth of a square according to the number of square feet in each, except corner lots, which are required to pay twenty-five per cent more than others.
But this provision was doubtless intended to apply only to improvements extending along the whole square, and not to a case like this, where a part had already been improved under *270 the orders of the city government and paid for by the owners of property adjacent thereto.
Indeed it may well be doubted whether the legislature possessed the power to compel lot-owners who had already been assessed to improve in front of their property to contribute, in common with others who have paid nothing, to pay for the improvement of the residue of the alley. Such a rule of assessment would violate a fundamental principle of the law respecting public burdens, which requires approximate equality.
The charter provides that the general council, or the courts in which proceedings may be pending to enforce claims for improvements on public ways, shall make all corrections, rules, and orders to do justice to all parties. That provision is broad enough to cover a case like this, and we think the court should have overruled the demurrer to the answer, and if the facts therein stated were established the apportionment should have been re-adjusted so as to equalize the cost of the improvement of the alley from Fifteenth to Sixteenth Street as if the whole had been done under one ordinance and contract at the aggregate cost under both contracts.
This will produce equality between the lot-owners presumed to be benefited by the improvement, and is authorized by the spirit if not by the language of the 12th section of the charter, and is demanded alike by justice and the settled doctrine of the law that public burdens must be as nearly equal as is reasonably practicable.
Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.