*Wm. L. Hurst, for appellant.*

*H. C. Lilly, E. P. Moore, for appellees.*

---

CITY OF HENDERSON *v.* MARION BRECKINRIDGE ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—387.]

**Enjoining the Collection of Taxes.**

Where real estate is located with reference to public streets, and its owners are enjoying the benefits of city government, an injunction against the city's collection of taxes thereon should be dissolved.

**Recovery of Assessments Paid.**

If property not properly taxable is necessarily benefited by the improvement made around it by a city, although the taxes are improperly levied, the taxes can not be recovered back; nor can a recovery be had if the plaintiffs, knowing their rights, voluntarily paid the assessment.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

November 3, 1881.

OPINION BY JUDGE PRYOR:

If the statements contained in the answer filed by the city to the petition in which the injunction was obtained are true, the injunction granted the appellees should have been dissolved. The four acre lot is surrounded on all sides but one, as averred in the answer, by principal streets, and on that side by a public alley; and not only so, but the ground adjoining has been divided into town lots, and many of them built upon, leaving the appellees with their lot enjoying all the privileges and benefits arising from the municipal government. It is not necessary that this four acre lot should have

been partitioned, or actually laid off from the other lands of the appellees after the Act of 1867. This had already been done, whether in anticipation of the extension of the city limits is not necessary to enquire. At the time the taxes were imposed, as the proof conduces to show, this four acre lot was separated from the other lands of the appellees by public streets and alleys, and such being the case was embraced within the provisions of the act of 1867. Besides, from the testimony in the action under which the recovery of the taxes paid was had against the city, it clearly appears that the appellees were fully advised of their rights in the premises; that an injunction had been obtained against the collection of taxes, and the action dismissed; and further the appellee, Breckinridge, says that he knew they had no right to collect. So in either state of case the judgment should have been for the city in the event the four acre lot is located with reference to public streets; and if the owners are enjoying the benefits of the city government, as is alleged in the answer, the injunction should have been dissolved. If the property, although not properly taxable, was necessarily benefited by the improvements made by the city around it, the taxes cannot be recovered back, although they may have been improperly levied; nor can a recovery be had if the plaintiffs, knowing their rights in the premises, voluntarily pay the assessment. *Louisville v. Anderson,* 79 Ky. 334, 2 Ky. L. 344, 42 Am. Rep. 220.

The judgment in each case is *reversed* and cause remanded for further proceedings consistent with this opinion.

*James F. Clay, William Lindsay, for appellant.*

*M. Merritt, John Young Brown, for appellees.*

[Cited, *Brands v. Louisville,* 111 Ky. 56, 23 Ky. L. 442, 63 S. W. 2.]