CASE 91—PETITION EQUITY—SEPTEMBER 23.

# Dumesnil et al v. Gleason.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. MUNICIPAL CORPORATIONS—PUBLIC WAYS—APPORTIONMENT OF COST.—Where an alley is constructed through one-quarter of a square and into, but not through another quarter, the whole cost of the construction of the alley should not be equally apportioned to and assessed upon the ground embraced in the two quarters of the square, without reference to the length or extension of the alley in each of them; but the ground in each quarter is liable to

Dumesnil et al v. Gleason.

assessment only for its ratable proportion of the cost of the construction of that part of the alley binding upon the quarter of the square in which it is situated.

GRUBBS & MORANCY FOR APPELLANTS.

1. Under the charter of the city of Louisville in making assessments for costs of public ways, the *quarter* square is the taxing district; and that being true, each quarter square should be assessed to pay for the improvements binding on it, and no more.   (Cooper v. Nevin, 90 Ky., 85; Boone v. Nevin, 14 Ky. Law Rep., 547; Smelz v. Giles, 12 Bush, 494; Meyer v. Zell, 14 Ky. Law Rep., 816; Zable v. Connelley, 6 Ky. Law Rep., 309; Shadburne v. Connelley, 6 Ky. Law Rep., 600; Dumesnil v. Shanks, 17 Ky. Law Rep., 170.)

LANE & BURNETT FOR APPELLEE.

1. The alley improved in this case is between and parallel with, but not equi-distant from Ormsby Avenue and Park Place; and the assessment of the cost of the improvement should extend throughout the length of the improvement, at least to the parallel streets on each side of it, and throughout its length as improved. (Smelz v. Giles, 12 Bush, 491; Washle v. Nehan, MSS. Opinion, 13 Oct., 1881; Watson v. Nevin, 86 Ky., 498; Boone v. Nevin, 15 Ky. Law Rep., 547; Loesser v. Redd, 14 Bush, 20.)

2. In the apportionment of the cost of improving an alley in the interior of a square, each square foot of land within the square should be charged with the same amount, and the only exception to this rule that has ever been recognized, is when the alley lies wholly within one of the quarters of the square.   (Connelley v. Shadburne, 6 Ky. Law. Rep., 600.)

JUDGE LANDES DELIVERED THE OPINION OF THE COURT.

This case belongs to the same class of cases to which the cases of Beck v. Obst, &c., 12 Bush, 268; Smeltz &c., v. Giles, &c., *Ib.*, 491; Washle, &c. v. Nehan, 3 Ky. Law Rep.,

387; and Dumesnil, &c. v. Shanks, &c., 17 Ky. Law Rep., 170, belong.

Each of these cases involved the question as to the apportionment of the cost of improvements in the interior of certain squares in the city of Louisville, and originated under substantially the same statutory provisions regulating such assessments and apportionments, which also apply to this case.

The Shanks case and this case each relates to the original construction of an alley in the interior of the same territory, which is designated a "square," and which is bounded on the north by Ormsby avenue, on the east by Fourth street, on the south by Park avenue and on the west by Sixth street. This territory extends from north to south, between the two avenues, something more than 450 feet, and from east to west, between the two streets, 900 feet, and is about twice the size or dimensions of the squares to the north, lying on both sides of Fifth street, which street runs from the Ohio river to Ormsby avenue.

The rule for the apportionment of the cost of the original construction of "public ways" under the provisions of the charter of the city, and which has been so often recognized by this court, is that the cost of such improvements must be apportioned and assessed upon each quarter-square contiguous thereto, the object and result of the rule being to charge the cost in each case upon the property most benefited by the improvement. (Smeltz, &c., v. Giles, &c., *supra*.)

Under the force and operation of this rule, the quarter-square being the taxing district, no lot therein should be exempted from its due proportion of the cost of such an improvement if the quarter of which it forms a part binds

Dumesnil et al v. Gleason.

on the improvement. (Boone v. Nevin, 15 Ky. Law Rep., 547.)

In the Shanks case the alley ran north and south, and was situated entirely within the two quarters embraced in the east half of the square, or in that part of it east of a line which would be the center of Fifth street if extended through the said territory, and the cost of the construction of the alley was assessed by the court below equally upon all of the ground contained in the four-quarter squares; but this court, following the principle laid down in Washle v. Nehan, *supra*, held that the ground in the northwest and southwest quarters ought not to have been charged with any part of the cost. And the reason for so holding was stated in the opinion of the court to be "the palpable injustice and inequality resulting from this assessment," which were said to be "so glaring as to emphasize the importance of giving some elasticity to the general rules which we recognize as governing these matters."

In this case the alley was constructed mostly in the east half of the square, connecting with the alley which was the subject of the litigation in the Shanks case, and running thence, we may say, to the west half of the square, and for a short distance into the southwest quarter, but, as alleged in the answer and shown by the map or diagram accompanying the record, not touching any part of the northwest quarter of the square. The total cost of the construction of the alley amounted to the sum of $1,214.45.

The appellants, H. A. and Mary Dumesnil, own 96,554 square feet of the ground in the southwest quarter, and 96,662 square feet of ground in the northwest quarter of the rectangular "square," and the appellant, Henrietta

Ormsby, owns 7,569 square feet on the east end of the north-west quarter. As in the Shanks case the cost of construction was apportioned and assessed upon all of the ground by square feet in each of the four-quarter squares. The appellants having refused to pay the several amounts apportioned to them, this action was brought by the contractor to enforce his statutory lien upon their property, and to subject it to pay the assessments.

It was alleged in the answer that the ground or lot owned by appellant, Henrietta Ormsby, fronting thirty-three and four hundred and eight thousandths (33.408) feet on the south side of Ormsby avenue, excepting a strip off the southern end thereof, and three and four hundred and twenty-five thousandths (3.425) feet wide, lies wholly within the northwest quarter, and that the said strip lies within the southwest quarter of the said "square."

It was further alleged that "no part of the ground in the northwestern quarter of said territory binds on the improvement mentioned in plaintiff's petition, but the whole of said eastern half of said territory, excepting thirty-three and four hundred and eight thousandths (33.408) feet off the western end thereof, which thirty-three and four hundred and eight thousandths (33.408) feet of said alley lies wholly within the southwestern quarter of said territory."

The amount charged against or assessed upon the ground owned by the appellants, H. A. and Mary Dumesnil, in the southwest quarter is the sum of $290.58; the amount assessed upon their ground in the northwest quarter is the sum of $290.91; and the amount assessed upon the lot of the appellant, Henrietta Ormsby, is the sum of $22.77.

The defense made was that their lots of ground had been charged with greatly more than their proper proportion

Dumesnil et al v. Gleason.

of the aggregate cost of constructing the alley; and it was claimed in the answer in substance that the ground belonging to the appellants, H. A. and Mary Dumesnil, in the northwest quarter of said territory, ought to have been charged with no part of the cost of said improvement; that no more than thirty-three and four hundred and eight thousandths (33.408) feet of the alley extended into the southwest quarter, and that their ground in said quarter ought to have been charged with no more than a proportionate part of the cost of constructing that part of the alley; and that the lot belonging to the appellant, Henrietta Ormsby, ought not to have been assessed for the cost of any part of the alley that lay within the eastern half of the said territory.

A demurrer was filed to the answer and was sustained by the court, and, the appellants failing to plead further, judgment was rendered enforcing the contractor's lien on the several lots of ground belonging to the appellants for the respective amounts above specified. Exceptions having been duly taken, that judgment is before us for revision.

The contention here is upon the claims set up in the answer, which have been stated, and, the averments of the answer relative to the situation or location of the ground of the appellants respectively with reference to the alley having been admitted by the demurrer, must be taken as true, viz: That no part of the ground in the northwest quarter of said "square" binds on the alley, but that the whole of the said alley lies within the eastern half of the "square," excepting thirty-three and four hundred and eight thousandths (33.408) feet taken off of the west end of the

alley, which number of feet of the alley lies wholly within the southwest quarter of said "square."

The learned chancellor, in his opinion, while feeling bound by what he regarded as the current of decisions in this State on the question to hold that "the whole square is the taxing district" except where "the entire improvement is in one-fourth of the square," strongly intimated that he held a different view of what the rule should be. The judgment, accordingly, seems to have been based on the idea that under decisions heretofore rendered in such cases the whole square is the taxing district. We do not understand that to be the statutory rule, nor the rule established by the decisions of this court in such cases as this. The statutory rule is that each subdivision of territory in the city, bounded on all sides by principal streets, shall be deemed a square, and that the original construction of public ways shall be made at the cost of the owners of lots in each fourth of a square binding upon or contiguous to the improvement, to be equally apportioned according to the number of square feet owned by them respectively, with an exception with reference to corner lots. This court has never undertaken to change this rule, nor can it be done except by legislative power, but in applying it the object has been in all cases as far as possible to secure equality of burden, recognizing the principle that "all municipal assessments are based on the ground that the property assessed is benefited by the improvement for which the assessment is made." (Preston v. Roberts, &c., 12 Bush, 587.)

With reference to improvements in the interior of a square this principle was recognized in the case of Smeltz, &c. v. Giles, &c., *supra*, in which the improvement, consisting of an alley, extended through the square, and the

division thus made of the square was unequal, yet the lots assessed were contiguous to the alley, and as such were held subject to assessment for the cost of its construction.

The case of Washle, &c. v. Nehan, was another case of an alley constructed in the interior of a square, and wholly within one of the quarters of the square, and the court held that the owners of lots in another quarter of the square were not liable to assessment for constructing or improving the alley because the quarter in which their lots were did not touch the alley.

In quoting the provisions of the charter of the city prescribing the rule for apportioning the cost of such improvements, which were substantially as we have stated them, the court used the following language: "The object of the legislature in thus localizing taxation for such purposes is to require each improvement to be made at the cost of those presumed to be specially and directly benefitted by it, and to prevent arbitrary and unequal assessments without equivalent advantages. And according to the only reasonable construction of the acts, and the one heretofore uniformly given by this court, the relative location of the fourths of squares and not of the lots determines what property is liable to assessment for each improvement."

In the Shanks case the cases of Washle v. Nehan and Smeltz v. Giles were referred to and quoted from and commented on with approval. But in neither of the cases referred to was the precise question raised that is raised in this case—that is, as to the apportionment of the cost of an alley, as in this case, constructed from or through one quarter into another quarter of a square, and whether the whole cost of construction should in every case be equally apportioned to and assessed upon the ground

Dumesnil et al v. Gleason.

embraced in each of such quarters of the square without reference to the length or extension of the alley in each of them. The established rule is that the assessments should be made upon the facts existing at the time the improvements are made, and not with reference to what the facts may be in the future. (Preston v. Roberts and Beck v. Obst, *supra*.)

And applying the principles stated and recognized in the cases we have referred to we hold that the ground of the appellants in this case is liable to assessment for their ratable proportion of the cost of the construction of no more than that part of the alley upon which the fourth of the square embracing their ground binds, and that the apportionment and assessment as made in this case against the ground of the appellants and enforced in the judgment of the court below was erroneous. This will secure, as nearly as may be, equality of burden in accordance with the spirit of the statutory rule of apportionment of cost of each improvement.

The judgment is, therefore, reversed and the cause remanded, with directions to overrule the demurrer to the answer, and for further proceedings consistent with this opinion.