JOHN M. PRICE AND WIFE *v.* TRUSTEES OF TOWN OF BELLEVUE.

[Abstract Kentucky Law Reporter, Vol. 1—276.]

**Taxation Under Town Charter.**

Where the charter of a town expressly restricts the power to tax to an assessment or levy of forty cents per each one hundred dollars valuation, such restriction will prevent a higher levy; and where there is nothing in the record to show that it has the power to assess additional taxes, as prescribed by an adjoining city this court will not look to the charter of the other city for such powers.

**Penalty for Failure to Pay Taxes.**

Where no remedy is given by a town charter in the event of a failure to pay taxes to a collector, town trustees have no authority to place any burden on the owners of property beyond the amount authorized by the charter.

APPEAL FROM CAMPBELL CHANCERY COURT.

September 11, 1880.

OPINION BY JUDGE PRYOR:

We cannot see how the taxation imposed under the charter of the town of Bellevue can exceed forty cents per year on the $100 in value of property owned within the limits of the corporation. The maximum amount for general revenue purposes is forty cents; still, we find from the assessments made that the tax imposed exceeds in some instances one dollar. A special tax of forty cents is authorized to be levied to erect school buildings, etc., but this has not been imposed, or at least no allegation is made in the petition upon which such a recovery could be had, and this is confined to one year only.

The trustees may impose a tax of thirty cents per annum for school purposes, but it does not appear that this has been done; but if such a levy had been made it would not increase the tax on appellants' lots to the amount with which they stand charged. Nor is there any penalty imposed by the provision of the charter on the owner of the property whose name is on the delinquent list, or any remedy for its collection.

If that clause of the charter making the provisions of the Newport charter operates to control the action of the city fathers of Bellevue, they are restricted by the express provisions of their own charter to an assessment or levy of forty cents for revenue purposes, and this court will not look to the charter of an adjoining city to see whether a penalty can be imposed for the non-payment of taxes. None is found in the charter before us, and whether any of the laws of the city of Newport are applicable to Bellevue, and can be enforced, is a question not necessary to be determined in this case. It is certain there is nothing in this record showing that the imposition of a penalty is applicable. Where no remedy is given in the event of a failure to pay to the collector some remedy must be given, and that adopted is the proper one. The judgment is erroneous for the reasons already indicated, as the trustees have exceeded their authority in placing a burden on the owners of property beyond the amount authorized by the charter; and although the taxation of twenty-five cents may have been proper no penalty should have been imposed for its nonpayment.

The judgment in each case is *reversed* and cause remanded for further proceedings.

*J. R. Hallam, for appellants. F. M. Webster, for appellees.*

[Cited, *Louisville &c. R. Co. v. Commonwealth*, 89 Ky. 531.]