CLARK COUNTY COURT *v.* ELIZABETHTOWN, L. & B. S. R. Co.

[Abstract Kentucky Law Reporter, Vol. 7—761.]

**County Tax to Pay County Bonds Issued to Pay for Stock Subscription in Railroad Company.**

A railroad company can not be taxed by a county to pay the subscription of the same county to its construction. To do so would produce an inequality not contemplated or authorized as between those aiding in its construction. But where the aided company fails and its property is sold on foreclosure, and a new company is formed and builds the road, its property is taxable for the purpose of paying such bonds.

APPEAL FROM CLARK CIRCUIT COURT.

April 8, 1886.

OPINION BY JUDGE PRYOR:

The county court of Clark, the appellant, had subscribed $2,000 to the capital stock of the Lexington & Big Sandy R. Co., and that corporation, after constructing a part of its road bed in the county of Clark, becoming insolvent and having executed a mortgage on all its property, privileges, rights and franchises the mortgage was foreclosed and its property rights, privileges and franchises sold under a judgment of the chancellor, and purchased by George Robertson and B. J. Peters. A corporation was afterwards created and called the Elizabethtown, Lexington and Big Sandy R. Co., that purchased from Robertson and Peters the property rights, franchises, etc., of the old company (the Lexington and Big Sandy R. Co.) and completed the road, increasing its width some one hundred feet within the county and erecting depot grounds and making other improvements of great value.

The stock in the old company became utterly worthless, and the county was still liable by reason of its subscription and the issual of its bonds for a large amount of money. This indebtedness the county was authorized to pay by taxation upon the real and personal estate in the county; and when imposing a part of this burden on the last named corporation, viz., the Elizabethtown, Lexington & Big Sandy R. Co., the payment of any part of the tax for the indebtedness of the county by reason of its subscription to the old company is resisted for the reason, that the old corporation was merged in the new corporation, the two companies having been consolidated and formed into one company, and that to tax the present corporation is to tax it to pay the subscription the county of Clark made to aid in its construction. We do not understand that the county of Clark has any interest in the present corporation by reason of the subscription and payment of the stock taken in the old company. It is not a stockholder in the appellee because of this subscription, but is simply discharging an indebtedness created by reason of the insolvency of the Lexington & Big Sandy R. Co., whose rights, privileges and franchises belong by purchase to the present appellee.

The status of the old company with reference to the subscrip-

tion made by the county of Clark has not been changed. If the payment of this debt entitled it to stock in the new company there might be some reason for adjudging that it would be unjust to the other stockholders and to the corporation to tax the property of the corporation to pay an indebtedness that entitled the county to stock in the corporation. Such, however, is not the case. The Elizabethtown, Lexington & Big Sandy R. Co., when it purchased the old company, or rather its rights and franchises, became the owner of the road bed and the entire property of the old company within the county, and the completion of the road with all its valuable appendages is not the property of the old but the new company; and therefore the property of the appellee, within the county, is liable for its part of the burden of this tax, except so much of the property as was acquired by the purchase from Peters and Robertson. This ought not to be taxed to pay a subscription that was made to construct it; and in imposing the taxation its value should be deducted from the value of the railroad property of the appellee within the county as it now exists; to the extent of the value of the property included in the purchase from Robertson & Peters it is not liable on account of the old subscription.

This view of the question presented is fortified by the subscription made by the county of Clark to the Elizabethtown, Lexington & Big Sandy R. Co. The county is endeavoring to make this new corporation, with the rights and franchises of the old, pay by way of taxation its portion of the burden of the subscription made to aid this last enterprise. This would be unjust to the other stockholders. They have the same interest to the extent of their stock that the county of Clark has, and if the franchise or the corporation is subjected to the payment of a part of the stock or subscription made by that county, then it should be subjected in like manner to every other subscription made to its capital stock; and in this manner the road sought to be constructed would be destroyed by those interested in its success. So this part of the tax sought to be imposed constituted no burden on the company; but as to the tax for the old subscription it should be imposed in the manner heretofore indicated, as said by this court in the case of *Applegate v. Ernst,* 3 Bush (Ky.) 648, 96 Am. Dec. 272.

A railroad can not be taxed by a county to pay the subscription of the same county to its construction. This is inconsistent with

its obligation to its other stockholders and would produce an inequality not contemplated or authorized as between those aiding in its construction. The appellee was essentially a new corporation with reference to this liability to the original corporation. The old company, in fact, stands debtor to the county of Clark for this money paid on account of its subscription; and the new company having assumed none of its liabilities, and the county having no stock in the new corporation by reason of its subscription to the old company, we perceive no reason for exempting its property from taxation to aid in paying this indebtedness. We do not see that this opinion is in conflict with the decision in *Applegate v. Ernst,* but on the contrary it conduces to sustain the views herein expressed. For the reasons indicated the judgment below is *reversed* and remanded for proceedings consistent with this opinion.

## MODIFIED OPINION.

September 26, 1886.

When the road was valued for the purpose of taxation that part of it acquired by purchase from Peters & Robertson was included. The value of that part should be deducted from the total assessment. The value fixed by the commissioners on the part excluded when deducted shows the amount of tax to be collected.

*Geo. B. Nelson, for appellant.*

*Breckinridge & Shelby, for appellee.*

[Cited, *Owensboro & N. R. Co. v. Daviess Co.,* 8 Ky. L. 773, 3 S. W. 164; *L. & N. R. Co. v. Commonwealth,* 89 Ky. 540, 12 S. W. 1064; *Elizabethtown &c. R. Co. v. Carter,* 13 Ky. L. 746, 18 S. W. 370.]