Case 82—PETITION ORDINARY—February 8.

# Louisville & Nashville Railroad Company v. Commonwealth, for use of Marion County.

### APPEAL FROM MARION CIRCUIT COURT.

1. Taxes do not bear interest.
2. Recovery of Taxes Paid Under Mistake.—When the collection of taxes can not be enforced except by suit, as in case of railroads, a payment by the tax-payer without suit will be regarded as voluntary, and he can not recover back the amount thus paid, upon the ground that the taxes were collected without legal authority, and were paid under a mistake of law. It is only where the collection of taxes can be enforced summarily, that such a payment will not be regarded as voluntary.
3. Same.—Where there has been a voluntary overpayment of taxes for

one year, the tax-payer is not entitled to have the excess credited on the taxes for another year.

4. A RAILROAD CAN NOT BE TAXED BY A COUNTY TO PAY THE SUBSCRIPTION OF THE SAME COUNTY TO AID IN ITS CONSTRUCTION, and, therefore, can not be taxed to pay bonds which the county may have issued in payment of the subscription. And the fact that the Legislature has, with the consent of the stockholders, divided into two distinct companies the original company, to which the subscription was made, does not require that the two divisions shall be regarded as new companies, so far as county subscriptions are concerned. Nor is the company's right to be exempted from a tax to pay a county subscription affected by the fact that the road, before its completion, was leased to another company, which, under its contract, completed the road. If the lessee had purchased the road and completed it, a different case would be presented.

5. COUNTY TAXATION.—There is no law authorizing an *ad valorem* tax for general county purposes. Such a tax is allowable only for specific purposes, and it must appear that the tax was levied for the specific purpose for which it was authorized.

W. J. LISLE FOR APPELLANT. ·

1. In the absence of a statute authorizing it, it was error to render judgment for interest on the unpaid taxes. (Act of April 3, 1878, Gen. Stats., p. 1019; *Idem*, p. 733; Ky. Cent. R. Co. v. Pendleton County, 8 Ky. Law Rep., 517.)

What shall be taxed and how taxed, the Legislature alone has the right to determine. (Newport Bridge v. Douglass, 12 Bush, 716.)

2. The judgment is erroneous, in that it wholly fails to give appellants credit by the amount overpaid on the railroad taxes for the year 1882. This amount should have been deducted from the taxes for 1883, and judgment rendered for the residue. The juries of the country do not, in the absence of applications made by the parties, make applications of payments. This is always done by the courts on equitable principles. (Nutall v. Brannin, 5 Bush, 19; McDaniels v. Barnes, 5 Bush, 185; Hammer v. Rochester, 2 J. J. M., 145; Carr v. Robinson, 8 Bush, 277.)

3. A railroad can not be taxed by a county to pay bonds issued by the county in aid of the railroad. (Applegate v. Ernst, 3 Bush, 648; Clark County Court v. E. L. & B. S. R. Co., 7 Ky. Law Rep., 761; O. & N. R. Co. v. Daviess County, 8 Ky. Law Rep., 773.\

There must be statute laws authorizing any and all taxation. (Cooley on Taxation, chap. 65, p. 65.)

4. The Southern Division of the Cumberland and Ohio Railroad Company is not a purchaser of the rights and properties of the Cumberland and Ohio Railroad Company. There was simply a division

Lou. & Nash. R. R. Co. v. Commonwealth, for use of Marion County.

by the Legislature of the property of the latter company among joint owners; and, by this division, the stock Marion county held in the Cumberland and Ohio was transferred to the Southern Division.

5. The Louisville and Nashville Railroad Company is not liable for taxes on the value of the improvements it has put upon the Southern Division of the Cumberland and Ohio. For all those improvements, the Louisville and Nashville Railroad Company holds only a mortgage debt, which, under the act of April 3, 1878, can not be taxed. (Cin., N. O. & Tex. Pac. R. Co. v. Commonwealth, 81 Ky., 503.)

The whole method of assessing and taxing railroads, and the collection of taxes, is one of legislative discretion. (Broadway Church v. McAtee, &c., 8 Bush, 508; Caldwell v. Rupert, 10 Bush, 179; Kniper v. City of Louisville, 7 Bush, 599.)

In the absence of statute law, there is no inherent power in any judicial tribunal to levy and collect taxes. (McLean County Precinct v. Deposit Bank of Owensboro, 81 Ky., 254.)

The statute forbids any other assessment for taxation of railroad properties than that supervised by the Railroad Commissioners. (Ky. Cent. R. Co. v. Pendleton County, 8 Ky. Law Rep., 517.) Therefore, the circuit court can not ignore the action of the Railroad Commissioners, and assess the Southern Division differently from the way in which they assessed it, and enforce the assessment.

Even if the mortgage debt due the Louisville and Nashville Railroad Company could be taxed, it could not be taxed in Marion county, the railroad company having no residence there. (Civil Code, sec. 723, subsec. 33.)

6. The Louisville and Nashville Railroad Company is not liable for the county levies for the years 1882, 1883 and 1884, because it does not appear what is to be done with the money.

Every municipal corporation, when it imposes taxes, must be able to show due authority to make the demand. (Cooley on Taxation, chap. 21, p. 474; Cooley on Const. Lim., pp. 641, 643; Price v. Trustees of Bellevue, cited in 1 Ky. Law Rep., p. 276.)

The tax-payer, when he pays his taxes, has the right to know for what he is paying taxes, and what disposition is to be made of the money.

H. W. BRUCE AND WM. LINDSAY OF COUNSEL ON SAME SIDE.

SAM. T. SPALDING AND LEWIS EDELEN FOR APPELLEE.

1. The property of the Southern Division of the Cumberland and Ohio Railroad Company is liable for the taxes to pay the bonds issued in aid of the old Cumberland and Ohio Railroad.

    a. In order to constitute an identity of one corporation with another, which it succeeds, there must be (1) an identity of stock-

holders, original or as assignees; (2) the rights, franchises, immunities and liabilities must be the same; and (3) they must reasonably subserve the same purposes. It is clear that the "Southern Division of the Cumberland and Ohio" does not conform to this standard. When it came into existence, the "Cumberland and Ohio Railroad Company," its predecessor, *eo instanti*, ceased to exist. (State v. Sherman, 22 Ohio St., 411; Marsh v. Fulton County, 10 Wall., 676; Shields v. Ohio, 95 U. S., 319; Railroad Company v. Maine, 96 U. S., 499.)

*b.* Where one corporation succeeds to the property of another by purchase or succession, it takes it freed from the contracts, immunities, equities or liabilities which were personal to its predecessor. (E. H. & N. R. Co. v. Commonwealth, 9 Bush, 438; Newport, &c., v. Douglass, 12 Bush, 673; Ches., O. & S. W. R. Co. v. Griest, 9 Ky. Law Rep., 177; Railroad Company v. Maine, 96 U. S., 499; Memphis, &c., v. Berry, 112 U. S., 609; Morgan v. Louisiana, 93 U. S., 217; Wilson v. Gaines, 103 U. S., 417; People, &c., v. L. & N. R. Co., 120 Ill., 48.)

2. Even if the Cumberland and Ohio Railroad were now in existence, it would be liable.

*a.* Marion county, having paid its subscription to the Cumberland and Ohio Railroad Company in "bonds payable to bearer," is as much a paid-up stockholder as the individual who has bought stock with money. (Kreiger v. Shelby Railroad, 8 Ky. Law Rep., 8.) Therefore, the case of Applegate v. Ernst, 3 Bush, and similar cases, do not apply. (Murray v. Charleston, 96 U. S., 435.) In the case of Lou. & Nash. R. Co. v. Hopkins County, 10 Ky. L. R., 806, the subscription was a paid-up one, as in this case; but the point here raised was not decided by the court, because it was not presented.

*b.* No exemption from taxation ever arises, except from "express grant," in consideration of public services, and then the grant is strictly construed. Every intendment is against the intention to surrender the power of taxation. (Providence Bank v. Billings, 4 Peters, 514; Ky. Cent. R. Co. v. Bourbon County, 82 Ky., 497; V., S. & P. Railroad Co. v. Dennis, 116 U. S., 665; Jefferson Branch Bank v. Skelly, 1 Black., 436, 446; Gilman v. Sheboygan, 2 Black., 510, 513; Delaware Railroad Tax, 18 Wall., 206, 225; Hoge v. Railroad Co., 99 U. S., 348; Southwestern R. Co. v. Wright, 116 U. S., 231; Erie Railway v. Penn, 21 Wall., 492; Memphis Gaslight Co. v. Speakby Taxing District, 109 U. S., 398, 401; Tucker v. Ferguson, 22 Wall., 527, 575; West Wis. Railway v. Supervisors, 93 U. S., 595; Memphis & L. R. Co. v. Railroad Com'rs, 112 U. S., 609; Louisville Water Co. v. Hamilton, 81 Ky.,

517; F., L. & V. T. Co. v. Commonwealth, 82 Ky., 386; Lancaster v. Clayton, 9 Ky. Law Rep., 611.)

c. He who seeks equity must do equity. The subscription was made on the definite understanding and agreement that the Cumberland and Ohio should be completed pursuant to the purpose of its incorporation. This has never been done. Until the road company complies with that condition, it is in no position to ask for a mere equity.

3. In any event, the "Southern Division of the Cumberland and Ohio," having added to the road actually more than the road is assessed at, is liable.

4. Marion county has not estopped itself by consenting to the change in the corporations. It is merely a trustee; and, where the interests of the beneficiaries are involved, may repudiate an act which, in a person *suri juris*, would operate as an estoppel. (Brookie v. Portwood, 84 Ky., 259.) Besides, Marion county did not consent, and could not have consented, to any transfer of the equities or franchises of the Cumberland and Ohio, except pursuant to the terms of the act of 1878, and that act is silent as to any attempted transfer of equities.

5. It is not necessary that an order of the county court making a levy should set forth the purpose for which the levy is made, or the statute under which it is made. The jurisdiction of the county court in fiscal matters being general, the facts showing jurisdiction will be presumed, and need not appear on the record. (Jacobs' Adm'r v. Lou. & Nash. R. R. Co., 10 Bush, 268.)

6. If the levy of 30 cents for 1882 was void, it was voluntarily paid, and could not be recovered back. (City of Louisville v. Anderson, 79 Ky., 334.) If it could not be recovered, it could not be set-off against the company's admitted liability for 1883.

Against suits for taxes, set-off can not be pleaded. A set-off can only be allowed in an action on a "contract, judgment or award." (Civil Code, section 96, subsection 2.)

7. As a tax claim against a railroad company is collectible only by suit, it is an ordinary chose in action, and, therefore, interest may be allowed.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The Marion County Court, for the years 1882-3-4, levied an *ad valorem* tax for county purposes of thirty, forty and fifty cents, respectively, upon each one hundred dollars in value of taxable property in

the county. It also levied for each of said years a like tax of seventy cents upon each hundred dollars in value of taxable property to pay the interest on the bonds it had issued in payment of its three hundred thousand dollars subscription to the Cumberland and Ohio Railroad, and to create a sinking fund for the payment of the principal of them. About twenty-eight miles of the Knoxville branch of the Louisville and Nashville Railroad lies within the county, as does about thirteen miles of what is now the Southern Division of the Cumberland and Ohio Railroad. The latter road was chartered in 1869. The county made its said subscription to it, and in 1871 adjusted it by delivering to the company bonds payable to bearer at the end of twenty years. The road being incomplete, the company being without means or credit to proceed with the work, and the time fixed in the charter for its completion being about to expire, the Legislature, in 1878, amended the charter so that the company could, and it did, by agreement of the stockholders, Marion county consenting thereto, divide itself into two distinct corporations, called the Northern and Southern Divisions of the Cumberland and Ohio Railroad Company. Under this arrangement a certain portion of the road, and which included that part in Marion county, became the Southern Division, and the property of the stockholders south of a certain point, Marion county being one of them. Soon after this the Southern Division leased its uncompleted line to the Louisville and Nashville Railroad Company for twenty-five years, Marion county voting its three hundred thousand dollars of stock subscribed to the Cumberland and Ohio Rail-

road Company in favor of such lease. By its terms the Louisville and Nashville Railroad Company was to complete and equip the road, it being secured in the necessary expenditure, and any debts of the Southern Division it might pay, by mortgage bonds of the road to the amount of three hundred thousand dollars, two-thirds of the net earnings to go to the Southern Division and one-third to the lessee; provided, however, if the mortgage bonds did not repay the Louisville and Nashville Road its expenditure above-named, then the net earnings were to be applied for that purpose. The lease also provided that all taxes legally assessed upon the leased property should be paid out of the gross earnings of the road. The road was, under this contract, completed through Marion county, and to a point beyond, and the Louisville and Nashville Railroad Company has since been operating it.

The portion in Marion county of the two roads was duly assessed by the Board of Railroad Commissioners, and the assessment certified by the Auditor to its county clerk. The appellant paid a portion of the tax levied for county purposes for the years 1882-4. It also made payments upon the railroad tax for the same years, and if the portion of the Southern Division of the Cumberland and Ohio Railroad lying in Marion county was not liable for this last-named tax, as is claimed, but only so much of the Knoxville branch as is in the county, then the appellant overpaid this tax for the year 1882 by about five hundred dollars. This action was brought to recover the balances of the tax for county purposes for 1882-4, and for that

of 1883; also a balance of the railroad tax for 1882, as the county claims both roads are liable to it; a balance for 1884, and for the tax of 1883. Interest was claimed upon all these amounts.

The lower court held the county levies to be invalid; that the Southern Division of the Cumberland and Ohio Railroad was not subject to the railroad tax, and rendered a judgment for so much of this tax for the year 1883 as had been assessed against the Knoxville branch of the appellant, with interest from October 1, 1883; and also for the year 1884, with interest from October 1, 1884, less what the appellant had paid on its railroad taxes for the last-named year. It refused to take any account of the overpayment by the appellant on its railroad taxes for 1882. The railroad company now complains of this refusal, and also because of the allowance of interest in the judgment. The county, upon the other hand, by a cross-appeal, seeks to reverse the ruling below as to the taxes for county purposes, and the alleged non-liability of the Southern Division of the Cumberland and Ohio Railroad for the railroad taxes.

Taxes are not debts within the legal meaning of the term. They are not based upon contracts, either express or implied. They come upon the tax payer *in invitum*. Their payment is a duty which the citizen owes to the State in return for the protection it affords him and his property. Interest is not allowable upon them by the general law. The power to impose it must come from a statute. Although they are payable at a certain time, they do not carry interest unless the statute says so. It, upon the contrary, provides fixed penalties for their non-payment.

It was said by this court in the case of Ormsby v. City of Louisville, 79 Ky., 197, that interest is not allowable upon taxes by way of damages, and this rule has since been followed in Louisville and Nashville Railroad Company v. Hopkins County, 87 Ky. Rep., 605; Kentucky Central Railroad Company v. Pendleton County, &c., 8 Ky. Law Rep., 517, and other cases.

If credit were given to the appellant upon the railroad taxes for 1883 for the amount overpaid on those of 1882, it would practically be a recovery of taxes voluntarily paid by the appellant under a mistake of law. These taxes could only be recovered by suit. Resort to judicial proceedings was necessary. The statute provides this mode of collection. If the appellant declined to pay, it necessarily followed that it would have its day in court, where it could raise the question of its liability for them. It is a general rule that a *voluntary* payment by the tax-payer leaves him remediless. If, however, distraint or a summary mode of collection may be adopted, then the payment will not be regarded as voluntary, and the tax-payer may sue to recover taxes collected without legal authority. A distinction is to be taken between cases where their collection can be enforced summarily, and those where resort must be had to the courts. In the one case the tax-payer must submit to a levy upon his property or pay the money. In the other he has the opportunity to contest the demand in court, and if he does not choose to do so, and voluntarily pays it, he is remediless. Considerations of public policy require this rule, and the tax-payer can not complain

540            KENTUCKY REPORTS.        [VOL. 89..

Lou. & Nash. R. R. Co. v. Commonwealth, for use of Marion County.

with grace, because he has, by his own neglect, missed. the opportunity afforded him by law for his protection. This view is supported by the cases of the City of Louisville v. Anderson, &c., 79 Ky., 334, and Railroad Company v. Hopkins County, *supra.*

It has been repeatedly held by this court that a railroad can not be taxed by a county to pay the subscription of the same county to aid in its construction. (Clark County Court v. E., L. & B. S. R. R. Co., 7 Ky. Law Rep., 761 ; Louisville and Nashville Railroad Company v. Hopkins County, *supra.*) If this could be done, it would result that the county would only pay a portion of its debt. It would be *quasi* repudiation. The creditor would be made by its debtor to pay a part of its own demand. The railroad would, in fact, get but a part of the subscription, and the obligation of the contract would *pro tanto* be impaired. It matters not that the county issued bonds in payment of the subscription. It now proposes to tax the road to pay these bonds. This is the same as if it proposed to tax the road to pay the subscription. It would be doing it in effect. The Louisville and Nashville Railroad Company is not the owner of this Southern Division of the Cumberland and Ohio Railroad. If it had purchased it, and then completed or added to it, a different case would be presented. As this record shows, however, it is merely its creditor, and is operating it under a lease. The road, including all the improvements which have been put upon it, belongs to the Southern Division of the Cumberland and Ohio Railroad Company. It is true the county subscription was to

the Cumberland and Ohio Railroad Company. What is now, however, the Southern Division can not be regarded, so far as the subscription is concerned, as a new or distinct company. The Legislature merely divided the old company into two distinct companies by consent of all the stockholders, Marion county included, it becoming, by virtue of the charter of the original company and the subsequent legislation, a stockholder to the extent of its subscription in the Southern Division, and its tax-payers, upon the payment of their taxes, stockholders therein, *pro tanto,* the county stock thereupon decreasing to that extent. The equity which the old company had to the exemption from taxation to pay the subscription to it passed to the new company. The latter is not a purchaser. The old company being merely divided by the Legislature, and the new one being invested by the act of the Legislature creating the two divisions, with all the rights and powers of the old company, was not divested of the exemption from taxation in aid of the subscription to build the road. To so hold would not only be inequitable, but unreasonable.

There is no law authorizing an *ad valorem* tax for county purposes generally. The law provides for a head tax only for these purposes. Nor is there any act of the Legislature to this effect as to Marion county. It is only allowable for specific purposes. If a municipal corporation imposes taxes, it must be able to show due authority to make the demand. If a tax be levied for a specific purpose, it must appear that it was levied for that purpose. (Price v. Trustees of Bellevue, 1 Ky. Law Rep., 276.) The tax-

payer, when he pays an *ad valorem* county tax, has a right to know the purpose intended, and how it is to be applied. The orders for the county levies, aside from those relating to the railroad tax, failed *in toto* to show the object to which they were to be applied, and they are not aided by any sufficient pleading in this respect, even conceding that this were possible.

The judgment upon the main appeal is reversed, so far as it allows interest. It is affirmed upon the cross-appeal, and cause remanded for further proceedings consistent with this opinion.