CASE 6—ACTION TO RECOVER MONEY PAID UNDER MISTAKE OF LAW—
MAY 29.

# Brands, &c., v. City of Louisville.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFFS APPEAL.   AFFIRMED.

MUNICIPAL CORPORATIONS—RECOVERY OF STREET  ASSESSMENTS  PAID
UNDER MISTAKE OF LAW.

Held:   As the rule forbidding the recovery of municipal taxes vol-
untarily paid applies also to street assessments, property owners
who have, under mistake of law, paid assessments for street
repairs for which the city alone was liable, can not recover the
amount from the city on the ground that it was a debt of the
city, paid by its order to the contractors.

LANE & HARRISON, STANLEY E. SLOSS, ZACK PHELPS AND
W. W. THUM, FOR APPELLANTS.

H. L. STONE, FOR APPELLEE.

(No briefs in the record.)

Petition for rehearing by appellants.

1. The reasons assigned by the court for the conclusion reached are
the result of erroneous premises, and are based on assumed
conditions that in fact never had an existence.   Take for in-
stance that part of the opinion wherein it is recited that "the
city is required to make the apportionment.   If an error is
made it is the duty of the property owner, no less than the
city official, to detect and correct it. If, instead of doing this, he
voluntarily pays the assessment and the city makes other con-
tracts and assumes other obligations on the idea that these
matters are all settled, it seems to us that sound policy requires
the loss to fall on the taxpayers who have acquiesced in the
assessment and voluntarily paid the money rather than liti-
gate the right."

The reason here assigned has elements of plausibility, but
not one of the conditions assumed, as the foundation for it, ever
had an existence.   It is a matter of the most supreme indiffer-
ence to the city of Louisville whether these apportionments are
ever paid.   The city is no more liable for these apportionments
than it is for the debts of the Sultan of Turkey, and so long

as the present Constitution is in force, they can not be vitalized into obligations, legal or equitable, of the city.

There is no obligation or duty, legal, equitable or moral, on the lot owners to detect errors in the apportionment.

2. The next reason assigned by the court for the conclusion is expressed in these words:

"Every reason which forbids the recovery of municipal taxes that have been voluntarily paid, seem to us to apply with equal force to assessment for municipal improvements."

This reason is without any force or application, unless the assessment for municipal improvement was payable to the municipal government, that if the municipal government was without any power to, and never had, imposed or collected assessments for municipal improvements, the reason assigned would be meaningless. The fact that no recovery can be had of a municipal government for taxes voluntarily paid, is no reason why any person, natural or artificial, who is absolutely destitute of power to impose or collect assessment for municipal improvements, should be exempt from liability to pay their debts resting in contract. If the city was, or in any case, could be made liable to the contractor for these costs, then there would be some force in and some application of the position taken by the court.

In the case at bar the money sought to be recovered was not for any tax or assessment levied or imposed by the city. There was no claim by the city to this money, or that it was due or owing to it by the appellants for a tax or for anything else.

In the Zanone case, the reason for the denial of relief to him was, that he had received a benefit from the improvement corresponding in amount to the charge that he had paid, and that he had paid it for a consideration.

The next reason assigned by the court for the conclusion is in these words: "If a recovery can be had in this case, then one may be had in every case when the burden is wrongfully apportioned, although the assessment has been voluntarily paid."

Now it happens that this court has uniformly, since March 3, 1870, when called on so to do, construed this statute directly opposite to what is now announced as the requirement of sound public policy. In the case of Loeser v. Redd, 14 Bush, page 20, this court said: "Where a mistake has been made in an assessment, and the party owning property within a fourth of a square has paid too much, the courts have the right to correct the mistake or rectify the error. No discretion is left with the court or council as to the party to be charged, or as to the property to be taxed. The chancellor is only enforcing

the law by requiring the property already selected as the subject for taxation in the particular case to pay it."

In Stengel v. Preston, 89 Ky., 616, this court said: "The payment and the acceptance of an assessment for street improvements can not be regarded as an accord and satisfaction of an additional amount afterwards found, by a corrected assessment, to be due, as the mistake in the assessment was not then known to or in contemplation of either party."

4. The last reason given by the court is in these words:

"Such a rule would involve the city in inextricable confusion. The council could not know what liabilities might be anticipated, or what taxes should be levied. Under the Constitution the levy of taxes must specify the purpose for which the tax is to be used, and a tax levied for one purpose can not be applied to another. The reason of the rule for denying a recovery of taxes voluntarily paid is, after all, the security and efficiency of the city government."

Is it possible that the amount which the city owes constitutes a defense to a valid claim against it? Can a city owe itself out of a liability? Can it be that no action can be maintained against the city until a tax has been levied to meet it?

## AUTHORITIES CITED.

Hubbard v. Hickman, 67 Ky., 104; Moore v. Bathe, 70 Ky., 177; Louisville v. Anderson, 79 Ky., 343; L. & N. R. R. Co. v. Hopkins 87 Ky., 613; Same v. Marion, 89 Ky., 531; Henderson v. Breckinridge, 3 Ky. Law Rep., 387; Covington v. Powell, 2 Metc., 226; Louisville v. Hyatt, 5 B. Mon., 200; Guthrie v. Louisville, 6 B. M., 575; Murphy v. Louisville, 9 Bush, 197; Craycraft v. Selvage 10 Bush, 705; Louisville v. Meyer, 17 Ky. Law Rep., 666; Loeser v. Redd, 14 Bush, 20; Stengel v. Preston, 89 Ky., 616; Mackay v. Gleason, 18 Ky. Law Rep., 910; Strausburg v. New York, 87 N. Y., 457.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

On July 13, 1891, the general council of the city of Louisville passed an ordinance for improving the streets of the city with vitrified brick, which contained, among others, this provision: "The contractor shall guaranty the performance of his contract according to this ordinance, and the pavement therein specified and the material composing the same shall be kept in good repair for a period of

five years from the completion of the work and the accept-
ance by the general council; and to protect the city as to
the character of said work and material and such repairs
as may be needed, the city engineer to be the judge, the
contractor shall deposit bonds of the city of Louisville or
of the United States, amounting to ten per cent. of the or-
iginal contract price of the entire work with the city treas-
urer, who shall hold the same, principal and interest, to
be applied as far as need be in the necessary repairs of said
work, and at the end of the said five years the unexpended
balance, if any, to be subject to the order of said contract-
or." Pursuant to this ordinance, and others of similar
character, a number of vitrified brick streets were built in
Louisville, and the cost of their construction apportioned
among the owners of property fronting thereon. After
this, in Gosnell v. City of Louisville, 104 Ky., 201
(20 Ky. Law Rep. 519), (46 S. W., 722), this court held
that, where there was an improvement of the carriage-
way of the public street by original construction
with vitrified brick pursuant to these ordinances,
the 10 per cent. of the cost was for the recon-
struction or repair of the street for five years, and that
for such cost of reconstruction or repair the city was alone
liable, and no part of it could be collected from the prop-
erty owners. Appellants, who had paid their apportion-
ments thereupon, filed this action against the city, suing
in equity, not only for themselves, but all other property
owners of the city who had paid similar assessments, and
sought to recover from the city the amounts so paid the
contractors on the grounds that at the request of the city,
they had paid a debt of the city to the contractor, and
that, as the city was alone liable for the debt, and they
had paid it by direction of the city, and in ignorance of
their rights, the city should reimburse them. The learned

chancellor sustained a general demurrer to the petition, and dismissed the action.

In Underwood v. Brockman, 34 Ky., 318 (29 Am. Dec., 407); Ray v. Bank, 42 Ky., 514 (39 Am. Dec.) 479, and a number of subsequent cases it has been held that, where money is paid under a clear mistake of law or fact, which in equity and good conscience should not be retained by the party receiving it, a recovery may be had. This may be regarded the settled law of this State, although the rule, so far as mistakes of law are concerned, is denied in many other States. But, while this rule has been consistently maintained by the court, it has not been applied to taxes or public dues which have been voluntarily paid where they were only collectible by action. Thus, in City of Louisville v. Zanone, 58 Ky., 151, the plaintiff sought to recover from the city money he had paid to a contractor for the improvement of the street in front of his property, on the ground that the ordinance under which the improvement was made had been passed by only one board of the general council, and was therefore invalid. It was held that, as he had voluntarily paid the assessment, he could not recover. In Hubbard v. Hickman, 67 Ky., 204 (96 Am. Dec., 297), the plaintiff sued to recover municipal taxes which he had paid for ten years. It was held that the law does not imply a promise on the part of the city to make restitution for taxes levied and paid under a mistake of law. This ruling was followed in Moore v. Bath Co. Ct., 70 Ky., 177. In City of Louisville v. Anderson, 79 Ky., 343, a recovery was sought of taxes paid under a void ordinance. A recovery was had. But the court said: "Where a party is entitled to a day in court, and can litigate the demand about to be enforced against him, but, instead of doing so, voluntarily pays it, he is without remedy.

When he can plead and make his defence, a payment under protest will be regarded as voluntary; or, if he has an option either to litigate the question or submit to the demand and pay the money, in all such cases there is no compulsion, and relief will be denied." In Louisville & N. R. Co. v. Hopkins Co., 87 Ky., 613 (10 R. 806) 9 (S. W., 497) suit was brought to recover county taxes paid by the railroad company, for which it was not liable in law. But the rule laid down in the cases above referred to was held to preclude a recovery. The court said: "In all the cases wherein it has been decided by the court, taxes illegally paid might be recovered back, including Fecheimer Bros., & Co. v. City of Louisville, 84 Ky., 306 (8 R., 310) (2 S. W., 65) referred to by counsel, the payments were regarded as involuntary, because the tax collector had authority to levy and sell on the refusal to pay. As said by this court, "The process is summary, and in the hands of the party making the demand, and the taxpayer must submit to the levy or pay the money. The only exception, under the statute of this State, exists in respect to railroad corporations, whose property from considerations of public convenience and necessity, can not be levied on and sold to pay taxes, and the collection must be enforced by judicial proceedings." "The payment by the L. & N. Railroad Co. of the taxes which it now seeks to recover back from the counties of Christian and Hopkins was made voluntarily, and in no sense under compulsion, and, such being the fact, we see no reason to make in these cases an exception to the general rule, laid down in City of Louisville v. Anderson, that the party paying taxes, who is entitled to a day in court, and can litigate the demand about to be enforced against him, but, instead of doing so, voluntarily pays it, is without remedy." In Louisville & N. R. R. Co. v. Marion Co., 89 Ky. 531 (12 R.

961) (12 S. W., 1064), these cases were approved, and, after discussing the rule at some length, the court said "Considerations of public policy require this rule, and the taxpayer can not complain with grace, because he has, by his own neglect, missed the opportunity afforded him by law for his protection." The doctrine of these cases was applied to an assessment for local improvement which had been voluntarily paid, and was sought to be recovered from the city, in Henderson v. Breckinridge, 3 Ky. Law Rep., 387. These cases are in accord with the authorities elsewhere. See Desty, Tax'n., p. 790; Dill. Mun. Corp., section 944; Cooley, Tax'n, 565-567. It is ably insisted for appellants that these authorities do not apply, for the reason that the property owners were under neither a legal nor moral obligation to pay for the repair of the street in front of their property for five years, and that, as this was solely the debt of the city, it should not be allowed to place upon them a burden for which the law did not make them liable. There is great force in the argument that in equity the city should be held liable to the property owner for the amount paid by him to the contractor on the order of the city by mistake, in ignorance of his rights, when the amount so paid was purely the debt of the city. But the court is of opinion that the reasons of public policy which sustain the cases above cited apply with equal force to the case before us. Reduced to its last analysis, the case comes to this: The city assessed against the appellants' property for the improvement of the street in front of it an amount larger by ten per cent. than it should have assessed. If a recovery can be had in this case, then one may be had in every case where the burden is wrongfully apportioned, although the assessment has been voluntarily paid. Such a rule would involve the city government in inextricable

Brands, &c., v. City of Louisville.

confusion. The council could not know what liabilities might be anticipated, or what taxes should be levied. Under the Constitution, the levy of taxes must specify the purpose for which the tax is to be used, and a tax levied for one purpose can not be applied to another. The reason for the rule denying a recovery of taxes voluntarily paid is, after all, the security and efficiency of the city government; and every reason which forbids the recovery of municipal taxes that have been voluntarily paid seem to us to apply with equal force to assessments for municipal improvements. The city is required to make the apportionment. If an error is made, it is the duty of the property owner, no less than the city officials, to detect and correct it. If, instead of doing this, he voluntarily pays the assessment, and the city makes other contracts and assumes other obligations on the idea that these matters are all settled, it seems to us that sound public policy requires the loss to fall on the taxpayer who has acquiesced in the assessment and voluntarily paid the money rather than litigate the right. Judgment affirmed. Whole court sitting.

Judge Guffy dissents.