CASE 66—ACTION BY J. T. SCOTT AGAINST THE BOARD OF
TRUSTEES OF THE TOWN OF NEW CASTLE TO
RECOVER MONEY PAID BY MISTAKE—March 9, 1909·

# Scott v. Bd. of Trustees Town of New Castle.

Appeal from Henry Circuit Court.

CHAS. C. MARSHALL, Circuit Judge.

From the judgment plaintiff appeals—Reversed.

1. Payment—Recovery of Payment—Mistake of Law—Money
   paid under a mistake of law which in equity should not be·
   retained by the person receiving it may be recovered.
2. Intoxicating Liquors—Reversal—Recovery of License Fee Paid
   —A liquor license fee paid under a judgment that such license
   is valid may be recovered on a reversal of such judgment by
   the Supreme Court.

CHARLES CARROLL attorney for appellant.

### STATEMENT OF QUESTION IN CONTROVERSY.

In this case the contention of appellant is that the money which
he seeks to recover was paid by him without consideration and
under a mistake of law, that he is entitled to have it restored to
him, and that equity and good conscience will not permit appellees.
to retain it. The contention of appellees is that appellant having
voluntarily paid money with a knowledge of all the facts did so
at his peril, and has now no remedy. So the question to be·
decided it, can money paid with knowledge of the facts, but under
a clear mistake of law be recovered, where the consideration fails?

Scott v. Board Trustees Town of New Castle.

## AUTHORITIES CITED.

Board of Trustees of New Castle vs. Scott 30 R. 894; Comm. vs. Carter, 31 R. 1511; Civil Code Sec. 747; Small vs. Reeves, 25 R. 72; Brands vs. Louisville, 111 Ky. 60; City of Louisville vs. Anderson, 79 Ky. 340; Bruner & Bloom vs. Clay, 100 Ky. 567; Ky. Stat. Sec. 3704, sub sec. 4; Bruner vs. Stanton, 102 Ky. 459; L. & N. vs. Comm. 89 Ky. 531; Comm. vs. Central Hotel Co., 28 R. 829; Tyler vs. Smith, 18 B. M. 799; Providence vs. Shackleford, 106 Ky. 378; Maysville vs. Melton, 102 Ky. 72.

W. B. BARBOUR for appellee.

Where parties to a contract treat with each other knowing full well all the existing facts, and knowing that the proper construction of the law based upon said state of facts is doubtful, then each party takes the risk of the law being unfavorable to him, and when it is ascertained what the law is, that party who believed the law to be otherwise cannot come into a court of equity, and claim relief, because he was mistaken as to what the law really was.

No one compelled, no circumstances existed compelling the appellant to pay his money for the license. On the contrary he compelled the board to grant him the license and accept his money against their wish. The burden on the plaintiff is self imposed.

The appellant received untold benefits under his license, and same medium through which he commpelled the board to issue him the license, was the same medium which compelled him to cease to operate under the license, and the proceedings were his the same in the Court of Appeals as in the Henry Circuit Court. We respectfully submit that the judgment of the lower court be affirmed.

## LIST OF AUTHORITIES.

Trustees of New Castle vs. Scott, 30 R. 894; Cyc. Vol 23, 152; Town of Providence vs. Shackelford, 20 R. 1921; L. & N. vs. Comth. 89 Ky. 531; L. & N. vs. Hopkins county, 87 Ky. 605; Tyler et al vs. Smith, 18 B. M. 793; City of Louisville vs. Anderson, 79 Ky. 336; Monroe county vs. Kreuger, 88 Ind. 231; Town Council vs. Burnett, 34 Ala.; City of Owensboro vs. Ficlds, 31 R. 627; Comth. vs. Central Hotel Co., 28 R. 829; City of Maysville vs. Melton, 102

Ky. 72; Ky. Statutes Sec. 3704; Comth. vs. Douglass, 15 R. 581; Titus vs. Rochester Ins. Co., 97 Ky. 571.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Reversing.

This action was brought by appellant to recover of appellees, composing the board of trustees of the town of New Castle, $353.40, with interest from June 5, 1907, upon the ground that the previous payment by him to the board of that sum had been made by mistake and without consideration.

The facts alleged in the petition as manifesting the right of recovery were, in substance, that for several years prior to July, 1906, and on that date, appellant owned and conducted a saloon in the town of New Castle, wherein were sold spirituous, vinous, and malt liquors. In 1905 a vote was taken in the town of New Castle as to whether such liquors should be sold within the corporate limits of the town; the election resulting in favor of the sale. In June, 1906, a vote was taken in the county of Henry, of which New Castle is the county seat, as to whether spirituous, vinous, or malt liquors should be sold therein, which resulted against the sale. Following the last election, the question of whether the vote in the county of Henry against the sale of liquors nullified that of the previous year taken in the town of New Castle arose, and, as the question had not then been passed on by this court, it seemed to excite quite a diversity of opinion among lawyers and laymen of the town and county. As appellant's license which had been obtained before the taking of the vote in the county was about to expire, and he in good faith desired to con-

tinue his saloon business, application was made by
him in July, 1906, to the board of trustees of the town
of New Castle for a license to sell spirituous, vinous,
and malt liquors in the town one year from July, 1906.
The board, while conceding that appellant was in
point of character and otherwise qualified to be in-
trusted with the business of conducting a saloon, re-
fused him a license, as recited in the order or resolu-
tion, "for the sole reason that in the opinion of said
board the election held in the county of Henry on
July 16, 1906, by which the sale of spirituous, vinous,
and malt liquors was prohibited in said county, de-
prived the board of trustees of said town of New
Castle of the right to issue any license after that date
for the sale of spirituous, vinous, or malt liquors, in
said town." Upon the refusal of appellees to grant
appellant the license, he instituted suit against them in
the Henry circuit court, in which a writ of mandamus
was asked to compel them to meet in their official capa-
city, and entertain and pass upon his application for
the license. The circuit court upon the hearing ad-
judged appellant entitled to the relief sought and
awarded him the writ. Thereupon appellees issued
to appellant the license demanded, and collected of
him therefor the regular license fee of $500. The
license, owing to a delay in the obtaining a decision
of the circuit court upon the question raised by the
application for the mandamus, was not received by
appellant until January 16, 1907, and by virtue
thereof he conducted a saloon in New Castle until
May 3, 1907, at which time this court to which appel-
lant without executing a supersedeas bond had prose-
cuted an appeal from the judgment of the circuit
court rendered in the action for the mandamus re-

versed that judgment, holding that the vote taken in the county of Henry in June, 1906, also made the town of New Castle dry, and put it out of appellees' power to grant the license which they had issued appellant. Board of Trustees of New Castle v. Scott, etc., 125 Ky. 245, 101 S. W. 944. Upon receiving information of the decision of this court, appellant at once closed his saloon, and ceased to sell spirituous, vinous, and malt liquors, and has not since done so.

It is insisted for appellant that the town of New Castle is entitled to retain only so much of the $500 license fee he paid it as will cover the period of 107 days during which he conducted his saloon under the license granted him; that is, from January 16, 1907, down to and including May 3, 1907, which would amount to $146.60, and that the remaining $353.40 which was paid by him to conduct the saloon under the license granted him for so much of the time as intervened between May 3, 1907, and January 16, 1908, sould be repaid to him, as it was unearned by the town of New Castle and was paid by him to its board of trustees without consideration and under a mistake of law. The board of trustees refused, however, to return appellant the $353.40 in question, and this action, as before stated, was brought by him to recover it. Appellees filed a general demurrer to the petition, which the court sustained and dismissed the action; hence this appeal.

So the question presented by the appeal is: Can appellant, the consideration having failed, recover the money claimed, which, though paid with knowledge of the facts, he nevertheless parted with under a patent mistake of law? When appellees refused

appellant a license to continue for another year the sale of spirituous and malt liquors in New Castle, there was ample ground for an honest difference of opinion as to the effect of the county election in favor of local option upon the election of the previous year held in the town of New Castle alone, which had gone against local option. As able lawyers throughout the state were then disagreeing upon the same question, it is not surprising that appellant and appellees did so. Appellant in good faith believed that, as the people of the town of New Castle had in the previous year voted to permit the sale of liquors within its corporate limits, another vote upon local option could not legally be taken therein for three years, and therefore that the latter election held throughout the county of Henry and which resulted against the sale of liquors had no effect upon the election in the town. On the other hand, appellees with equal good faith took the opposite view, and acted upon it in refusing license. As a law-abiding citizen appellant took the matter to the circuit court of the county for adjudication, and the judgment of that court sustained his view of the law. Appellees, while acquiescing in the judgment to the extent of granting appellant license as it directed, were nevertheless unwilling to accept it, so they prosecuted an appeal to this court for a final adjudication which resulted in favor of their contention. In the meantime they had the right, pending the appeal, to supersede the judgment of the circuit court, and thereby prevent the issual to appellant of license. This they did not do; but, instead, delivered him the license, for which he paid in the honest belief that the judgment of the circuit court in his favor would be affirmed

by the Court of Appeals. In this he was mistaken, as he was in believing appelleees had authority to grant him license, and as was the circuit court in rendering the judgment appealed from. The question at issue was so involved in doubt as to render its solution practically impossible without a construction from the highest court of the state, which, if not satisfactory to those interested, would at least be final and conclusive. Obviously, in paying appellees the amount necessary to entitle him to the license demanded, appellant acted under a mistake of law; indeed, we may say that it would be difficult to imagine a payment of money under a clearer and more palpable mistake of law. And this court has more than once declared that where money is paid under a clear mistake of law or fact, which in equity and good conscience should not be retained by the party receiving it, a recovery will be allowed. Brands, etc., v. City of Louisville, 111 Ky. 60, 33 S. W. 2; Underwood v. Brockman, 34 Ky. 318, 29 Am. Dec. 407; Ray v. Bank, 42 Ky. 514, 39 Am. Dec. 479.

The following admirable statement of this principle may be found in Northop v. Graves, 19 Conn. 548, 50 Am. Dec. 264, quoted with approval in City of Louisville v. Anderson, etc., 79 Ky. 340, 42 Am. Rep. 220: "We mean to distinctly assert that when money is paid by one under a mistake of his rights and duties, and which he was under no legal or moral obligation to pay, and which the recipient had no right in good conscience to retain, it may be recovered back whether such mistake be one of fact or law; and this, we insist, may be done both upon the principles of Christian morals and the common law." We are unable to see upon what principle of good morals or

law appellees can justify their retention of the amount in controversy, or legally compel appellant to lose it. In the case of Bruner v. Clay City, 100 Ky. 567, 38 S. W. 1062, it was held that, where one was required to pay more for a liquor license than was authorized by the city charter, the payment was not a voluntary one, and he might recover from the city the amount paid in excess of the charter requirement. In principle the case supra does not differ from the case at bar. In each case the amount paid to the city for a license was more than it was entitled to receive. In the one case the amount was in excess of what the charter allowed; in the other the payment was not above the amount fixed by law, but it was in excess of what the city was entitled to retain, because the privilege of selling liquors which the license conferred failed by as much as the alleged excess to cover the period for which it was issued.

We do not agree with counsel for appellees that a license such as appellant paid is a mere tax, which, when voluntarily paid, cannot be recovered. It is true that a tax, when voluntarily paid, cannot be recovered, though illegally collected L. & N. R. R. Co. v. Commonwealth, 89 Ky. 531, 12 S. W. 1064. But this rule is based upon consideration of public policy, and because the law provides ample means of correcting an illegal assessment before the process of collecting the tax begins; but a license such as appellant paid is on a different footing. As said in Commonwealth v. Central Hotel Company, 121 Ky. 846, 90 S. W. 505. ''A license to sell liquor is for the purpose of regulating the traffic, and incidentally to raise revenue. * * * Taxes are levied and collected regardless of the will or consent of the taxpayer, and

for the purpose of raising a revenue. * * * The popular understanding of the word 'license' is a permission to do something which without the license would not be allowed. The object of the license is to confer a right that does not exist without the license. * * *'' In obtaining the license of appellees, appellant expected, and appellees intended, it to confer the privilege to appellant to sell liquors in New Castle for the period of a year. In point of fact he exercised under it the privilege for 107 days, for which appellees received and are entitled to retain $146.60. For the license granted appellant appellees received $353.40 more than they are entitled to retain, and the fact that this sum was paid voluntarily by appellant does not bar his right to recover it, as it was paid under a palpable mistake of law. We are therefore of opinion that the petition states a cause of action.

Wherefore the judgment is reversed and cause remanded, with directions to overrule the demurrer, and for further proceedings consistent with the opinion.