City of Louisville v. Becker.

CASE 2.—ACTION BY CATHERINE  C. BECKER  AGAINST
        THE CITY OF LOUISVILLE.—June 17, 1910.

# City of Louisville v. Becker.

Appeal from Jefferson Circuit Court  (Chancery Branch, Second Division).

SAMUEL B. KIRBY, Judge.

Judgment for plaintiff,  defendant appeals.—Reversed.

Taxation—Void Taxes—Payment—Recovery.—Where plaintiff voltarily paid taxes illegally assessed against her, that she might receive a rebate, and before any steps had been taken to enforce collection she could not recover them.

JOSEPH S. LAWTON and CLAYTON B. BLAKEY for appellant.

GRUBBS & GRUBBS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

By this action in equity the appellee, Catherine C. Becker, sought to recover taxes paid by her to the city of Louisville for the years 1907, 1908, and 1909, amounting in the aggregate to $308.46. It was alleged in the petition that  the taxes were assessed upon notes of which she is the owner, amounting to $6,000, and secured by liens upon real estate situated in the city of Louisville; that for more than five years next before the institution of the action she was  a resident of Oldham county, and her notes were not, during the years for which they were assessed and

the taxes paid by her, either assessable or taxable in the city of Louisville. The appellant demurred to the petition; but the demurrer was overruled. It declined to plead further, and the circuit court thereupon entered judgment in appellee's favor for the amount claimed in her petition, with interest. The case is now before this court on appeal from that judgment.

The written opinion of the learned special judge so tersely expressed his reasons for sustaining the demurrer that we here insert it: "The assessments complained of in the petition were void under section 2980, Ky. St. [Russell's St. section 905], and Commonwealth v. Northwestern Life Insurance Company, 107 S. W. 233 (32 Ky. Law Rep. 796), for its situs was in Oldham county, and the payment of a void tax upon a void assessment does not give to the city any right to collect or withhold from the person paying the same the amount paid. Demurrer to petition overruled."

The case of Commonwealth v. Northwestern Life Ins. Co., was not an action to recover taxes paid, but one to compel the insurance company, a nonresident, to list for taxation in the county of Jefferson, under section 4241, Ky. St., its notes and choses in action representing loans made by it, secured by mortgages on lands in this state, or by pledge of policies or other collateral owned by persons in this state. In deciding the single question presented, the court held that as the insurance company was a foreign corporation, and the statute did not fix the situs of its notes and choses in action in this state for the purpose of taxation, they were not taxable therein. It does not, therefore, appear to have been held in that case that "the payment of a void tax upon a void assessment

does not give to the city any right to collect or withhold from the person paying the same the amount paid.".

So, the question decided in that case is only incidentally involved in the case at bar. It is admitted by the appellant city that appellee's notes were not legally assessable or taxable in the city of Louisville, and that, if she had resisted the assessment or refused to pay the taxes, the court would have relieved her of paying them. She did not, however, pursue that course, but voluntarily, and in order to obtain the rebate allowed by law, paid the taxes before the city could enforce their payment or impose a penalty for their nonpayment, and now seeks to recover them back, upon the ground that they were paid under a mistake of law. In explanation of its alleged action in assessing appellee's property and receiving of her the taxes paid therein, the city's counsel says that she had previously been a resident of the city, and, as such, from year to year listed the same property for taxation and paid the taxes thereon, and that the city assessor, not being aware of her removal to Oldham county, continued to assess her property, and the city tax collector to receive the taxes thereon, for the years complained of, believing her to be still a resident of the city and the taxes legally assessed and collectible. This explanation does not affect the legal status of the parties, for, after all is said, the question we are called on to decide is: Can one who has voluntarily and under a mistake of law paid an illegal tax, which the city has paid out and applied to the purposes for which it was assessed and collected, recover it? ·

While this court has repeatedly held, as in Ray & Thornton v. Bank of Kentucky, 3 B. Mon. 514, 39 Am.

Dec. 479, that "whenever, by a clear and palpable mistake of law essentially bearing upon and affecting the contract, money has been paid without cause or consideration, which in law, honor, or good conscience was not due and payable, and which in honor or good conscience ought not to be retained, it was and ought to be recovered back," it has never committed itself to the doctrine that this rule should be invoked to compel the refunding to the taxpayer of taxes, which he, following an assessment by the assessing officer, had voluntarily paid to an officer of the law charged with the duty of collecting the taxes. Hesitancy in so applying the rule may well be indulged when it is considered that the duty to pay taxes does not arise out of contract, but out of an obligation resting upon every citizen to contribute to the support of the government to which he owes allegiance. Moreover, taxes are assessed and collected for purposes of government, and while it is a hardship to a citizen to be refused repayment of tax, as in this case illegally collected of him, though voluntarily paid, it must be borne in mind, if the city is required to show on every such complaint its right to retain the tax received, it could never regard the voluntary payment of a tax as a thing settled, or know whether to apply such taxes as it may have collected to the discharge of its numerous obligations and municipal needs.

In view of what has been said as to the purposes of taxation, it can readily be seen that the principles applicable to transactions between individuals do not apply to an action by a taxpayer against the government for the recovery back of taxes paid voluntarily, though paid under a mistake of law.

It is apparent from the averments of appellee's petition that the taxes for which she sues were voluntarily paid, and this fact bars the recovery sought. Cooley on Taxation, vol. 2, p. 1495, in stating the general rule, ''that a tax or assessment voluntarily paid cannot be recovered back, the authorities generally agree,'' gives the following reason for its adoption: ''The rule of law is a rule of sound public policy; also, it is a rule as well of good faith, and precludes the courts being occupied in undoing the arrangements of parties which they have voluntarily made, and into which they have not been drawn by fraud, or accident, or by any excusable ignorance of their legal rights and liabilities. All payments are supposed to be voluntary until the contrary is made to appear.'' On page 1502 of the same volume an excellent definition of ''compulsion'' is given: ''And it has been said in some cases that, when it is sought to recover back a payment as having been made under compulsion, it should be made to appear that payment was made to release either person or property from the power of the officer. And this may be said to express the general sense of the authorities.'' Smith's Modern Law of Municipal Corporations, vol. 1, section 244, defines ''compulsion'' as applied to a tax payment as follows: ''It is, however, upon the whole well settled that the payment must be made under direct and immediate compulsion, and under such circumstances that the person called on to pay the tax can save himself or his property only by paying the illegal demand. The stringent application of this rule often results in hardship in individual cases; but, for the reasons already stated, the general beneficence of the rule is undoubted.'' Baltimore v. Lefferman, 4 Gill (Md.) 425, 45 Am. Dec. 145; Dear v.

Varnum, 80 Cal. 86, 22 Pac. 76; 27 Am. & Eng. Ency.
of Law, 760.

While this court has not in terms adopted any of
the definitions of "compulsion" as applied to tax
payments, referred to, it has in several cases held that
taxes illegally paid might be recovered back, where
the payments were made involuntarily, and the tax
collector had authority to levy and sell on the refusal
to pay. In City of Louisville v. Anderson, 79 Ky.
334, 42 Am. Rep. 220, which was an action to recover
back from the city taxes illegally assessed and paid
by mistake of law, upon land used for farming pur-
poses, it was alleged that, if the taxes had not been
paid, the city would have proceeded, "as it threat-
ened to do, to coerce payment by a sale of the prop-
erty." The court, though recognizing the rule an-
nounced by Cooley, "that a tax voluntarily paid can
not be recovered back," allowed a recovery by the
taxpayer on the ground that the tax had been invol-
untarily paid, because: "The money was not paid at
the instance of the taxpayer to one who was a mere
passive agent without authority to demand or coerce
payment, but to one who had not only the authority
to receive it, but to exact payment by levying on the
property taxed; and, upon the refusal of the appel-
lee to pay, a sale of the property was inevitable.
The party charged with payment has been afforded
no opportunity of being heard, and knows that the tax
gatherer is clothed with the process of the law to
enforce his demand if payment is denied. Such a
payment, or a payment made in ignorance of the fact
that the taxation is void, with a knowledge that com-
pelling process is at hand to coerce the demand, must
be regarded as involuntary, and the party entitled to
recover his money. * * * Where a party is entitled

City of Louisville v. Becker.

to a day in court, and can litigate the demand about to be enforced against him, but, instead of doing so, voluntarily pays it, he is without remedy. When he can plead and make his defense, a payment made under protest will be regarded as voluntary; or, if he has an option either to litigate the question or submit to the demand and pay the money, in all such cases there is no compulsion, and relief will be denied."

It appears that the city of Louisville, when the taxes were paid by Anderson, had the power under the law to coerce payment of taxes by distraint, or a summary sale of the taxpayer's property upon his refusal to pay, but that the latter was given no opportunity to litigate the matter in the courts. When appellee's taxes were paid, the law was different. Under the present laws, which were also in force when appellee's taxes were paid, the city was authorized to sue or distrain for taxes uncollected, also to collect them by garnishment of rents; but the law also provides (section 3008, Ky. St.) that "the taxpayer may have the right to a day in court to contest any unlawful distraint or garnishment of rent." In other words, no matter by which of the methods allowed the city might have attempted to collect the taxes of appellee for the years complained of, she had under the law guaranteed facilities for resisting their payment. She, therefore, unlike Anderson, had an opportunity to make defense, litigate the right of the city to the taxes in question, and defeat their collection, but, instead of doing so, elected to pay them, and did in fact pay them each year before their payment could be coerced.

In L. & N. R. R. Co. v. Hopkins Co., 87 Ky. 605, 9 S. W. 497, 10 Ky. Law Rep. 806, the taxes sought to

be recovered back were held to have been paid voluntarily. Hence the principle announced in the case at bar was applied as follows: "And such being the fact, we perceive no reason to make in these cases an exception to the general rule laid down in City of Louisville v. Anderson, that a party paying taxes who is entitled to a day in court and can litigate the demand about to be enforced against him, but, instead of doing so, voluntarily pays it, is without remedy."

In discussing the above rule in the case of L. & N. R. R. Co. v. Commonwealth, 89 Ky. 531, 12 S. W. 1064, 11 Ky. Law Rep. 734, the court said: "Considerations of public policy require this rule, and the taxpayer cannot complain with grace, because he has by his own neglect missed the opportunity afforded him by law for his protection."

In the much later case of Brands v. City of Louisville, 111 Ky. 56, 63 S. W. 2, 23 Ky. Law Rep. 442, recovery by the appellants of apportionment warrants admittedly illegal, paid the city, was refused. The opinion, after a careful consideration of the question involved, an elaborate review of all the authorities in this state thereon, reaffirmed with marked emphasis the rule stated in the cases of City of Louisville v. Anderson and L. &. N. R. R. Co. v. Hopkins Co., and L. & N. R. R. Co. v. Commonwealth, supra, as to the necessity for the enforcement of the rule, said: "But the court is of opinion that the reasons of public policy which sustain the cases above cited apply with equal force to the case before us. Reduced to its last analysis, the case comes to this: The city assessed against appellant's property for the improvement of the street in front of it an amount larger by 10 per cent. than it should have assessed. If a recovery can be had in this case, then

City of Louisville v. Becker.

one may be had in every case where the burden is wrongfully apportioned, although the assessment has been voluntarily paid. Such a rule would involve the city government in inextricable confusion. The council could not know what liabilities might be anticipated or what taxes should be levied. Under the Constitution the levy of taxes must specify the purpose for which the tax is to be used, and a tax levied for one purpose cannot be applied to another. The reason for the rule denying a recovery of taxes voluntarily paid is, after all, the security and efficiency of the city government, and every reason which forbids the recovery of municipal taxes that have been voluntarily paid seems to us to apply with equal force to assessments for municipal improvements. The city is required to make the apportionment. If an error is made, it is the duty of the property owner, no less than the city officials, to detect and correct it. If, instead of doing this, he voluntarily pays the assessment, and the city makes other contracts and assumes other obligations on the idea that these matters are all settled, it seems to us that sound public policy requires the loss to fall on the taxpayer, who has acquiesced in the assessment and voluntarily paid the money rather than litigate the right.''

Of the cases relied on by counsel for appellee, we find but one that can in any sense be said to conflict with the cases from which we have quoted. The case referred to is that of City of Newport v. Ringo's Ex'rs, 87 Ky. 635, 10 S. W. 2, 10 Ky. Law Rep. 1046, in which it was held that taxes paid under compulsion and a mistake of law could be recovered. The court seems to have expressed its conclusions in the first paragraph of the opinion without a citation of authority. The decision must have been based on some

provision of the charter of the city of Newport, though we are not advised by the opinion of the method provided by the charter of the city for collecting taxes, in view of which it is not to be considered as controverting the authoritativeness of the rule announced in Anderson v. City of Louisville, L. & N. R. R. Co. v. Hopkins Co., L. & N. R. R. Co. v. Commonwealth, and Brands v. City of Louisville, supra.

It is not perceived that appellee's claim of right to recover the taxes sued for finds any support from the case of Scott v. Board of Trustees of Town of New Castle, 116 S. W. 788, 21 L. R. A. (N. S.) 112, in which the recovery back of the unearned part of a liquor license paid under a mistake was allowed, for in the opinion of that case it is said: "We do not agree with counsel for appellees that a license such as appellant paid is a mere tax, which, when voluntarily paid, cannot be recovered. It is true that a tax, when voluntarily paid, cannot be recovered, though illegally collected. L. & N. R. R. Co. v. Commonwealth, 89 Ky. 531, (12 S. W. 1064, 11 Ky. Law Rep. 734). But this rule is based upon considerations of public policy and because the law provides ample means of correcting an illegal assessment before the process of collecting the tax begins; but a license such as appellant paid is on a different footing."

Manifestly, appellee paid voluntarily, without dispute, and before their collection could have been enforced, the taxes sued for, and while the loss of the amount claimed may prove a hardship to her, the law and the sound public policy underlying it compel us to refuse her the relief demanded.

Wherefore, the judgment is reversed, and cause remanded for further proceedings consistent with the opinion.