JUDGE ELLIOTT
delivered the opinion op the court.
The appellee Hall brought two suits before a justice of the peace of Hickman County on two promissory notes for over $60 each, and the justice having rendered judgment for only $22.22 in each case, Hall appealed to the court of common pleas. On the trial of these appeal-suits the law and facts *86 were submitted to the court, and a motion made by appellant to dismiss appeal number two, which was overruled, and judgment rendered for $66.66 in each case, the same being the amount of each note sued on.
To reverse these judgments these two appeals are prosecuted, and as each involves the same questions of law, they are considered together.
The right of appeal to the common pleas court in cases of this character was conferred by an act of the legislature, approved March 20, 1876, and it is insisted that that act is no violation of section 37, article 2 of the constitution of this state, because the title of the act makes it relate to more than one subject. The title is as follows:
“An act to regulate the civil jurisdiction of justices of the peace, police judges, and quarterly courts, and the appellate jurisdiction of circuit courts from judgments, and to authorize the quarterly courts to appoint clerks.”
The act, then, related to but one subject. The regulation of the civil jurisdiction of the three courts referred to by the title, and the authority conferred on the quarterly courts to appoint a clerk, related to the same subject, so far as one of these courts was concerned; that is, it so regulated the jurisdiction of the quarterly court as to give it power to appoint its clerk to discharge ministerial duties which, till the passage of the act, the court itself had to perform.
Under the title “An act to regulate the civil jurisdiction of justices of the peace, police judges, and quarterly courts, and the appellate jurisdiction of circuit courts,” the legislature could have authorized the quartei’ly courts to appoint clerks of these courts, and the same would not have been foreign to the subject named in the title, and the additional statement in the title “ and to authorize the quarterly courts to appoint clerks” was only giving in detail a part of what it was intended to put in the body of the act, but this addition *87 to the title certainly did not make it relate to more than one general subject, the subject of regulating the jurisdiction of several of the courts of the state.
We therefore conclude that the act we are discussing related to but one subject, which was fully expressed in the title. Perhaps the title went more into details than it should have done, and is objectionable for want of precision, but, as it related to but one subject, and that was expressed in the title, it is not in violation of the provision of the constitution referred to above.
The stating of the subject-matter of the act more in detail in the title thereof than is necessary does not make the act ■unconstitutional, if the title does not embrace more than one subject, and as this embraced but one general subject the act must be held valid.
Wherefore each of the judgments is affirmed.