### Thomas v. McCain, Sheriff, et al.

(Decided October 22, 1920.)

### Appeal from Graves Circuit Court.

1. Schools and School Districts—Taxation.—The act of 1920 did not subject to local taxation for school purposes intangible property and farm machinery that was exempted from such taxation by the act of 1917.

2. Statutes—Repeal by Implication Not Favored.—If by fair and reasonable interpretation, acts which are seemingly incompatible may be upheld, the later act will not be regarded as repealing the other, by construction or intendment.

3. Statutes—Repeal by Implication Not Favored.—In 1917 the legislature passed a general law relating to taxation which exempted from taxation for local purposes but subjected for state purposes intangible property and farm machinery. In 1920 the legislature adopted an act regulating the schools of the state and in section 8 provided that all property subject to state taxation should be subject to local school taxation in certain school districts: Held that the act of 1920 did not repeal the act of 1917 or subject to local school taxation the classes of property exempted from such taxation by the act of 1917.

HOLIFIELD and McDONALD for plaintiff.

W. J. WEBB for defendants.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Sustaining motion to grant injunction.

This is an injunction case that comes before me from an order made by the Honorable Bunk Gardner, judge

of the Graves circuit court, refusing to grant an injunction to restrain the sheriff from collecting a tax on the intangible property and farm machinery of L. Thomas that was levied by the fiscal court of Graves county pursuant to the request of the Graves county board of education. In 1920 the legislature enacted a law relating to common schools and in section 8 provided that the fiscal court, when so requested by the county board of education, should levy a tax of not less than "twenty-five cents nor more than fifty cents on each $100.00 worth of taxable property in the territory affected by this act." It further provided that "it shall be the duty of the fiscal court to make the levy therein recommended and demanded upon all taxable property subject to state taxation in said county, exclusive of property in graded county school districts and cities and towns maintaining a separate and distinct system of common schools."

Acting under this statute the fiscal court levying the tax imposed upon "each one hundred dollars' worth of property in Graves county subject to state taxation, exclusive of property located in graded school districts and cities and towns maintaining a separate and distinct system of common schools. . . ." And further directed the clerk of graves county court in making out the tax bills for said taxes to "compute the taxes on all property assessed in said county subject to state taxation." When the order came into the hands of the county clerk for the purpose of computing the tax due by Thomas on the assessment made by him in 1919 the county clerk found that Thomas had assessed in that year intangible property of the value of $7,110.00 and farm machinery of the value of $5.00 in addition to his other property and made out for the sheriff a statement of the school tax due by Thomas based on the value of his intangible property, his farm machinery, and other property, or, in other words, all of his property subject to state taxation.

In this suit to enjoin the collection of so much of the school tax as was based on the assessed value of his intangible property and farm machinery it is the contention of counsel for Thomas that the act of 1920 did not confer authority on the fiscal court to levy tax on his intangible property and farm machinery, and, if it did, so much of it as attempted to do so was in violation of section 171 of the Constitution.

It will be observed that the act of 1920 directs the fiscal court to make the levy "upon all taxable property

subject to state taxation," and as intangible property and farm machinery are subject to taxation for state purposes, as is also every other species of property, the fiscal court conceived it to be its duty to levy the tax upon intangible property and farm machinery as well as lands and other species of property, and if the act has the broad meaning ascribed to it by counsel for the board of education the fiscal court properly subjected to the tax the intangible property and farm machinery in the taxing territory in which the tax was levied.

In determining whether the legislature by the act of 1920 intended to or did subject to school taxation intangible property and farm machinery in addition to the other classes of property subject to taxation for state and local purposes it will be necessary to consider the legislative act of 1917 in connection with the act of 1920.

In 1917 the legislature of the state, pursuant to an amendment to the Constitution, classified property for taxation and exempted from all local taxation certain classes of property. In this act (see section 4019a-10, volume 3, Kentucky Statutes) it is provided that "All property subject to taxation for state purposes as provided in section 4020, Kentucky Statutes, shall be subject also to taxation in the county, city, school or other taxing district in which the same have a taxable situs, except the following classes of property which shall be subject to taxation for state purposes only: (1) Farm implements and farm machinery owned by a person actually engaged in farming and used in his farm operations. (2) Machinery and products in course of manufacture of persons, firms or corporations actually engaged in manufacturing and their raw material actually on hand at their plants for the purpose of manufacture. (3) Money in hand, notes, bonds, accounts and other credits, whether secured by mortgage, pledge or otherwise, or unsecured."

It will be seen that under this act intangible property such as money, notes, bonds, accounts and other credits and farm machinery and implements were expressly exempted from taxation "in the county, city, school or other district" in which it had a taxable situs, and was subject only to taxation for state purposes; and it is well here to keep in mind that when the legislature described the property that should be subject to taxation for state purposes only it meant that the money raised by taxation on this class of property should be paid directly into the state treasury to be used in defraying the

expense of the state government, including what was contributed out of the treasury in aid of the common schools, and did not intend that this class of property should be subject to school or any other tax that might be levied for any purpose by any local taxing authority, such, for example, as a fiscal court or a city council.

The state tax was fixed by the same legislature at forty cents on each one hundred dollars' worth of taxable property, and it was plainly the intention that the classes of property specified in section 4019a-10, as being subject only to taxation for state purposes should be required to pay only this forty cent state tax.

Previous to the constitutional amendment pursuant to which this legislation of 1917 was adopted all property of every character and description that had a taxable situs in the state was subject to state taxation, and also to any local tax that might be imposed by local taxing authorities for schools, roads, and other purposes in the county, city or taxing district in which the property had a taxable situs.

Under the old system the burden of local taxation was so heavy that only a small per cent of the intangible property in the state was put on the assessment roll, and the purpose of the 1917 legislation in exempting this species of property from the heavy local taxes and subjecting it only to the light state tax of forty cents was to bring out from its hiding places this intangible property so that the state might collect taxes thereon.

How well the new plan succeeded in putting on the assessment roll intangible property that under the old system had never been listed is impressively told in the figures showing that in the year 1916 the assessed value of all intangible property in the state was $70,116,756.00, and for the year 1917 $68,750,880.00, and that under the new system the assessed value of intangibles for 1918 was $246,348,379.00 and for 1919 $364,095,157.00.

In other ways the new scheme of taxation adopted in 1917 has proven generally satisfactory to the people of the state, and it is hardly conceivable that the legislature of 1920 in the enactment of this school legislation intended to repeal in part the legislation of 1917 and again subject intangible property to local taxation, thereby surely causing the withdrawal from assessment and taxation of a large per cent of this class of property that was being listed under the act of 1917, although we do not of course mean to say that the legislature may not re-

peal or alter the 1917 scheme of taxation in any manner it may see proper.

We do not think, however, that it was intended to change it by the act of 1920. This act of 1920, which is composed of a number of sections covering many matters relating to the school system of the state, was enacted for the purpose of changing in material respects the school laws, and the only reference to taxation is that found in section 8. The act touches only incidentally and in one particular the subject of taxation, although in section 15 it provides that "all laws and parts of laws in conflict with the provisions of this act are hereby repealed." That it does repeal many provisions of the old school laws that are dealt with in the new act may be admitted, but we do not think that section 8 should be so construed as to repeal any part of the tax laws of 1917.

In Head v. Commonwealth, 165 Ky. 603, the court said: "It is a well known rule of construction that repeals by implication are not favored. This rule has been construed to mean that it is the duty of the court to so construe the acts, if possible, that both shall be operative, and if two statutes can be read together without contradiction or repugnancy or absurdity or unreasonableness they shall be read together and both have effect." And further said, quoting with approval the following from Sutherland on Statutory Construction, that "If by fair and reasonable interpretation acts which are seemingly incompatible or contradictory may be enforced and made to operate in harmony and without absurdity, both will be upheld, and the later act will not be regarded as repealing the other by construction or intendment." In City of Henderson v. Connell, 156 Ky. 730, the court said: "No rule of law is better settled than that repeals by implication are not favored by the courts, and that no statute will be construed as repealing a prior statute unless it be so clearly repugnant thereto as to admit of no other reasonable construction."

Adopting these rules of construction, which are generally approved, we think the act of 1920 and the act of 1917 can be reconciled so that both may stand, and accordingly the act of 1920 should be so construed as to subject to school taxation all taxable property subject to state taxation that is not exempt from local taxation, or, in other words, all property subject to state taxation that is also subject to local taxation.

If the legislature of 1920 had intended to repeal the act of 1917 exempting intangible property and farm machinery from local taxation we think it fair to assume that it would have made its purpose clear by some reference to the 1917 act, and, not having done this, the act of 1920 should not be construed to repeal it by implication.

Section 8 of the act of 1920 is also assailed upon the ground that it makes an unreasonable and arbitrary classification by attempting to subject to school taxation farm machinery and intangible property outside of graded school districts and cities and towns while exempting these classes of property from taxation for school purposes if located in graded school districts, cities and towns. As illustrating the nature of the alleged discrimination as it appears in this case it may be said that there are five graded school districts and one city maintaining a separate and distinct system of common schools in Graves county, and so under this act as construed by the fiscal court all of the intangible property and farm machinery in the county of Graves having a situs outside of these graded school districts and the city would be subject to taxation for local school purposes, while these classes of property having a situs for taxation in the graded school districts or the city would be exempt from taxation for local school purposes.

In view, however, of the conclusion reached we do not find it necessary to determine whether this discrimination violates any constitutional principle and therefore express no opinion on the subject.

For the reasons indicated the injunction prayed for is granted and the defendants and each of them are enjoined from collecting or attempting to collect the school tax on the assessed value of the intangible property and farm machinery of the plaintiff Thomas.

Judges Quin, Thomas and Clarke concur.