### City of Covington v. Lovell & Buffington Tobacco Company.

(Decided June 24, 1924.)

### Appeal from Kenton Circuit Court.

1. Taxation—Assessment Not Conclusive on Court, in Action to Recover as to Void Items.—Where property was illegally assessed, segregation is not correcting an erroneous assessment but excluding void items therefrom, and in this respect assessment is not conclusive in action for taxes paid.
2. Taxation—Payment of Tax Held Voluntary, so that Recovery could Not be had.—Taxes could not be recovered where they were enforceable by distraint, and taxpayer made payment to anticipate a penalty on last day before penalties accrued, under Ky. Stats., sections 3184, 3187, 4019a-10.
3. Taxation—Remedy by Injunction Exists in all Cases of Illegal Taxation.—A remedy by injunction exists in all cases of illegal Taxation, notwithstanding Ky. Stats., section 3008.

A. E. STRICKLETT for appellant.

S. D. ROUSE for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

The appellee operates a tobacco factory located in the city of Covington. Claiming that raw material in the form of leaf tobacco, actually on hand at its plant for the purpose of manufacture and exempt from local taxa-

tion under the provisions of section 4019a-10, Ky. Statutes, had been illegally assessed for the years 1919-20 and 21, and that it had under mistake of law and under compulsion paid the city taxes thereon for the years 1919 and 1920 and for the first half of 1921, appellee brought suit against the city of Covington for the taxes so paid and to enjoin the city from collecting the taxes for the second half of the year 1921. Judgment was rendered in accordance with the prayer of the petition and the city appeals.

The alleged exemption and right of recovery are based on the following provisions of the Kentucky Statutes: Section 4019a-10, relating to revenue and taxation generally and sections 3184-85-86, relating to the same subject in cities of the second class.

The first section exempts raw material actually on hand at the plant for the purpose of manufacture from local taxation. Section 3184 directs that tax bills shall be made out on or before the 20th of May and delivered to the treasurer, and that he shall make lists and mail them to the various taxpayers, stating the amount, when due and the penalties for nonpayment.

By section 3185 the taxes are due and payable without demand at the treasurer's office, one-half each on the first day of June and October in each year. Taxes not paid within one calendar month after they are due shall be deemed delinquent and shall have added to them a penalty of 10 per cent. of the amount thereof and shall thereafter bear interest at the rate of one-half per cent. for each month or portion of month until paid.

By section 3186 the treasurer may distrain sufficient personal property for the collection of any delinquent taxes, and under section 3187 real estate may be distrained after the second day of December in each year.

It is shown that the property was leaf tobacco stored in various warehouses in the city of Covington; that in ignorance of the law it was reported to the assessor by appellee and assessed by him, and the taxes paid thereon the last day of June and October in the respective years.

It is first claimed that in order to recover in this action the court must review the assessments for the years named and segregate the exempt property; that as assessments can only be corrected in the way provided by statute, such correction is not permissible in this form of action.

However, it is admitted that the property was illegally assessed, and it follows that the segregation is not correcting an erroneous assessment but excluding certain void items therefrom, and that in this respect the assessment is not conclusive upon the court. Gray v. Reynolds, etc., 200 Ky. 47.

The assessment being illegal and the taxes having been paid in ignorance of the law, if payment was involuntary or made under compulsion, it may be recovered. City of Louisville v. Anderson, 79 Ky. 334; L. & N. R. R. Co. v. Com., 89 Ky. 531; Green v. Taylor, 184 Ky. 793; City of Louisville v. Becker, 139 Ky. 17; Nettleton, etc. v. City of Louisville, 191 Ky. 581.

There is some confusion in our decisions as to the distinction between voluntary and involuntary payment. In L. & N. R. R. Co. v. Com., *supra,* it was said:

"It is a general rule that a *voluntary* payment by the taxpayer leaves him remediless. If, however, restraint or a summary mode of collection may be adopted, then the payment will not be regarded as voluntary, and the taxpayer may sue to recover taxes collected without legal authority. A distinction is to be taken between cases where their collection can be enforced summarily, and those where resort must be had to the courts. In the one case the taxpayer must submit to a levy upon his property or pay the money. In the other he has the opportunity to contest the demand in court, and if he does not choose to do so, and voluntarily pays it, he is remediless."

Similar language is to be found in City of Louisville v. Anderson, and Green v. Taylor *supra,* but it will be observed that under the facts of those cases the conclusion reached was not influenced by the distinction named.

In the first the taxes were collectible by suit only, and it was held that the payment was voluntary. In the Anderson case the taxes were on farming land and distrainable, but it appears that at the time of payment the city had the right to and was threatening to coerce payment in a summary way, and it was necessarily held that a payment under such circumstances was involuntary and could be recovered, while the Green case was brought under a statute the construction of which was not determined by this distinction.

There is another line of cases holding that it is not the mode of collection, but the status of the collective process at the time of payment that determines whether or not such payment is voluntary, and that although the taxes are of a character to be collected by distraint, if in fact payment is made before the date at which distraint may be exercised there is no coercion and such payment is voluntary. City of Louisville v. Becker, 139 Ky. 17; Nettleton, etc., v. City of Louisville, 191 Ky. 581.

In both of those cases the property was exempt from taxation and illegally assessed. In both the payment of taxes was enforceable by distraint; but in each instance payment was made in order to secure a discount, and at a date before the remedy by distraint could be exercised.

The authorities are fully collated in the former case, in which it is said:

"Manifestly, appellee paid voluntarily, without dispute, and before their collection could have been enforced, the taxes sued for, and while the loss of the amount claimed may prove a hardship to her, the law and the sound public policy underlying it compel us to refuse her the relief demanded."

The reason assigned being:

"Moreover, taxes are assessed and collected for purposes of government, and while it is a hardship to a citizen to be refused repayment of tax, as in this case illegally collected of him, though voluntarily paid, it must be borne in mind, if the city is required to show on every such complaint its right to retain the tax received it could never regard the voluntary payment of tax as a thing settled or know whether to apply such taxes as it may have collected to the discharge of its numerous obligations and municipal needs."

This case is followed by the Nettleton case, from which we quote:

"So that a proper interpretation of the plaintiff's petition as amended, would appear to be that the executor in each of the years named, paid the taxes before they became due for the commendable purpose of conserving and protecting the estate in his charge by getting the benefit of the discount fixed by law, but it is apparent that there could have been no coercion or involuntary payment upon his part

at the time before the taxes were due, and that his payment in each instance was a voluntary payment, and having paid them at a time when their collection could not have been coerced, their payment must of necessity have been voluntary.''

In other jurisdictions this principle has been extended to payment of delinquent taxes subject to distraint, if the payment is made at any time before active steps are taken towards coercion. 98 U. S. 543.

In Dillon on Municipal Corporations, vol. 4, fifth edition, section 1620, the principle is thus stated:

> ''The coercion or duress which will render a payment of taxes involuntary must in general consist of some actual or threatened exercise of power possessed, or assumed to be possessed by the party exacting or receiving the payment over the person or property of another, from which the latter has no other means or reasonable means of immediate relief except by making payment.''

A reference is made in the Becker case to the fact that section 3008, Ky. Statutes, provides for redress against unlawful distraints or garnishments in cities of the first class; but we are unable to draw any distinction in this matter, as in this state a remedy by injunction exists in all cases of illegal taxation. See City of Lancaster v. Pope, 156 Ky. 1, in which the authorities are fully collated and this principle shown to be firmly established. Indeed the rule is invoked in this case as appellee is seeking an injunction against the unpaid assessments.

The Becker and Nettleton cases are the latest enunciations of our court bearing directly on the question and seem decisive of it. In them, as in this, the taxes were of a character to be collected by distraint and not by suit. In neither case was the tax distrainable at the time of payment. No coercion was had or threatened and no intimation of compulsion in either. In the cases cited the payment was made to secure a rebate and it was adjudged voluntary. Here under similar circumstances it was made to anticipate a penalty and we perceive no distinction. True, payment was made on the last day before penalties accrued, but in the application of the principle we do not see how this affects the question.

It may be argued that if appellee had enjoined the collection of the taxes and lost its suit, that it would have been penalized for testing its right in court, and that a payment to avoid a penalty under such circumstances, cannot be said to be voluntary.

The argument is plausible but not conclusive. True, by reason of the delay in litigation the penalty might accrue before judgment could be rendered, and in the event of an adverse judgment this additional burden would be placed on the litigant; but, on the other hand, if successful he would be relieved of both tax and penalty. Such is the result in all cases where penalties attach to delinquent taxes collectible by distraint, as it is not practicable to test any of them in court and get a final judgment, before the accrual of the penalty.

So that to hold the payment in this instance was involuntary we would have to adopt the rule that a payment of taxes that may be recovered by distraint is involuntary, regardless of the time of payment.

As above stated, while our opinions are not entirely harmonious, the principle seems to be settled otherwise in the Becker and Nettleton cases *supra,* and we are not inclined to disturb the rule therein established.

Wherefore, judgment is reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.