## Kentucky & West Virginia Power Company v. Tolbert Holliday, Sheriff of Perry County.

(Decided October 12, 1926.)

### Appeal from Perry Circuit Court.

1. Taxation.—Revenue and Taxation Act of 1917 held not to violate Constitution, section 170, by exempting certain property from local taxation, since such exemption is authorized by section 171.

2. Statutes—Statute Held Not to Violate Constitutional Provision that Law Shall Relate to but One Subject, which Shall be Expressed in Title, Though Containing Unnecessary Detail (Constitution, Section 51; Revenue and Taxation Act 1917).—Revenue and Taxation Act of 1917 (Acts Sp. Sess. 1917, c. 1) held not to violate Constitution, section 51, providing that law shall relate to but one subject which shall be expressed in title, notwithstanding that title goes into unnecessary detail, since details merely prescribe methods, means, and agencies by which act shall be carried into effect.

3. Schools and School Districts.—Ordinarily a school tax is regarded as a state tax.

4. Taxation—Statute Manifests Intent to Subject Excepted Classes of Property to Taxation "for State Purposes Only," as Contradistinguished from all Forms of Local Taxation (Ky. Stats., Section 4019a-10, Revenue and Taxation Act 1917; Ky. Stats., Section 4020).—Ky. Stats., section 4019a-10, being part of Revenue and Taxation Act of 1917 (Acts Sp. Sess. 1917, c. 1) providing that all property subject to taxation "for state purposes," as provided in section 4020, shall be subject also to taxation in . . . district in which it has a taxable situs, and excepting certain classes of property "which shall be subject to taxation for state purposes only," manifest an intent to subject excepted classes of property to taxation "for state purposes only," as contradistinguished from all forms of local taxation.

5.   Taxation.—Machinery of corporation owning and operating plant for generation of electricity held "actually engaged in manufacturing," within Ky. Stats., section 4019a-10, being part of Revenue and Taxation Act of 1917, so as to be subject to taxation for state purposes only.

6.   Injunction.—Injunction will lie to restrain collection of illegal tax.

7.   Taxation—Oral Evidence is Admissible to Show Value of Machinery of Power Company, so that Equity May Relieve Against Illegal Tax where it was Not Separately Listed Originally.— Where machinery of power company by mistake of taxpayer and tax commissioner was not separately listed for taxation but was grouped with other items and valuation placed on whole, oral evidence is admissible to show what values were placed on various items in order that equity may relieve against illegal tax on machinery.

8.   Taxation—Valuation of $360,000.00 Placed on Machinery of Plant Generating Electricity for Purposes of Taxation Held Improper, in View of Subsequent Action of Board of Supervisors and Quarterly Court (Ky. Stats., Section 4019a-10, Revenue and Taxation Act 1917).—Valuation of machinery of plant for generation of electricity based on valuation placed thereon by company's manager and tax commissioner for purposes of taxation, under Ky. Stats., section 4019a-10, being part of Revenue and Taxation Act of 1917 (Acts Sp. Sess. 1917, c. 1), held improperly fixed at $360,000.00, in view of subsequent increase by board of supervisors and decrease by quarterly court.

JOHN D. CARROLL, JOHN S. CARROLL and WILLIS W. REEVES, for appellant.

WOOTTON, SMITH & WOOTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Section 4019a-10, Kentucky Statutes, being a part of the Revenue and Taxation Act of 1917, is in part as follows:

"All property subject to taxation for state purposes as provided in section 4020, Kentucky Statutes, shall be subject also to taxation in the county, city, school or other taxing district in which same has a taxable situs, except the following classes of property, which shall be subject to taxation for state purposes only:

"(1)   Farm implements and farm machinery owned by a person actually engaged in farming and used in his farm operations.

"(2)   Machinery and products in course of manufacture of persons, firms or corporations actu-:

ally engaged in manufacturing and their raw material actually on hand at their plants for the purpose of manufacture."

Relying on the foregoing statute, the Kentucky and West Virginia Power Company, which owns and operates a large plant in Perry county for the generation of electricity and its sale to the public, brought this suit against the sheriff of that county to enjoin the collection of a graded school tax on its machinery used in the manufacture of electricity based on an assessment as of July 1, 1922. On final hearing the injunction was denied, and the chancellor fixed the value of the machinery for taxation for school purposes at $360,000.00, instead of $635,002.50 as claimed by the company. The company appeals.

At the outset we are met by the contention that the Revenue and Taxation Act of 1917 is unconstitutional on the ground that it violates section 170 of the Constitution, which, after exempting certain kinds of property from taxation, provides, "and all laws exempting or commuting property from taxation other than the property above mentioned shall be void;" and that the exemption of property from local taxation is not authorized by section 171 of the Constitution, which is in part as follows:

"The general assembly shall provide by law an annual tax, which, with other resources, shall be sufficient to defray the estimated expenses of the Commonwealth for each fiscal year. Taxes shall be levied and collected for public purposes only and shall be uniform upon all property of the same class subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws.

"The general assembly shall have power to divide property into classes and to determine what class or classes of property shall be subject to local taxation. Bonds of the state and of counties, municipalities, taxing and school districts shall not be subject to taxation."

The argument is that when section 171 came to deal with the question of exemption it provided that "bonds of the state and counties, municipalities, taxing and school dis-

tricts shall not be subject to taxation," thus plainly show-
ing that that kind of property and no other should be
exempted.  As we view it the language referred to was
employed for the purpose of showing that the particular
kind of property should not be subject to taxation at all,
either for local or state purposes.  Similar language
could not have been employed as to other property, for
it was not the purpose that all other property should be
exempt from all kinds of taxation.  When treating of
other property the language is, "The general assembly
shall have the power to divide property into classes and
to determine what class or classes of property shall be
subject to local taxation."  If, notwithstanding this
language, it was intended to continue in force the old
rule that all classes of property are subject to local taxa-
tion, then no change whatever was effected by the amend-
ment to section 171 of the Constitution, and its adoption
was an idle proceeding.  We are therefore constrained
to hold that the power to divide property into classes
and to determine what classes of property shall be sub-
ject to local taxation carries with it the further power to
determine what classes of property shall not be subject
to local taxation, and that such was the purpose of those
who procured the submission of, and voted for the adop-
tion of, the amendment.  We may add that while the
constitutionality of the act does not seem to have been
discussed heretofore, its validity has been recognized in
several cases.  Lorrilard Co. v. Ross, 183 Ky. 217, 209
S. W. 39; City of Henderson v. George Delker Co., 193
Ky. 248, 235 S. W. 732; Gray, Sheriff v. Reynolds To-
bacco Co., 200 Ky. 47, 252 S. W. 134.  It follows that in
the enactment of the act the legislature simply did what
the Constitution authorized it to do, and that there is no
basis for the contention that the act is unconstitutional
for the reasons named.

The next contention is that the act contravenes sec-
tion 51, which provides that no law enacted by the gen-
eral assembly shall relate to more than one subject, and
that shall be expressed in the title.  The title of the act
is:

"An Act relating to revenue and taxation,
creating a State Tax Commission, providing for the
appointment, qualification and term of office of its
members, prescribing its powers and duties, appro-

priating money therefor, providing for the assessment of property for taxation and the supervision and equalization of assessments and prescribing the powers and duties of county clerks, county assessors, sheriffs, collectors, the Railroad Commission, Auditor of Public Accounts and other officers performing some duty in reference to the taxation of property, creating county boards of supervisors, a State Board of Equalization and a State Board of Valuation and Assessment, and defining their powers and duties, prescribing penalties and repealing existing statutes.''

Doubtless the title of the act would have been sufficient if it had read ''An act relating to revenue and taxation,'' Eastern Kentucky Coal Corporation v. Commonwealth, 127 Ky. 667, 106 S. W. 260, but the fact that the title goes more into detail than is necessary will not render the act invalid where the details, as here, are but phases of the one general subject, and merely prescribe the method, means and agencies by which the act shall be carried into effect. Allen v. Hall, 14 Bush 85; Bowman v. Hamlett, 159 Ky. 184, 166 S. W. 1008; Lakes v. Goodloe, 195 Ky. 240, 242 S. W. 632.

Being of the opinion that the act is valid, the next question for consideration is, whether appellant's machinery is subject to the local school tax. Appellee's position is that a school tax is a state tax, and, that being true, appellant's machinery is not exempted from taxation by the statute. It is true that ordinarily a school tax is regarded as a state tax, City of Louisville v. Board of Education, 154 Ky. 316, 157 S. W. 379, but the question here is, what effect did the amendment to section 171 of the Constitution and the Revenue and Taxation Act of 1917, which was enacted pursuant to authority therein contained have upon the question? After providing that all property subject to taxation ''for state purposes'' as provided in section 4020, Kentucky Statutes, shall be subject also to taxation ''in the county, city, school or other taxing district in which the same has a taxable situs,'' the statute excepts certain classes of property ''which shall be subject to taxation for state purposes only.'' In other words, the statute differentiates between ''taxation for state purposes'' and ''taxation for local purposes,'' and evinces a plain purpose to subject the ex-

cepted classes of property to taxation "for state purposes only," as contradistinguished from all forms of local taxation, whether imposed by the county, city, school or other taxing district.  This is the view taken by four judges of this court in Thomas v. McCain, Sheriff, 189 Ky. 373, 224 S. W. 1055, a case that came before one of the judges on a motion to grant a temporary injunction, and, though the opinion may not be controlling, it is highly persuasive, and, upon careful reconsideration of the question, we entertain no doubt as to the soundness of the conclusions therein reached.

There is the further insistence that appellant's machinery does not come within the excepted class because it was not "in course of manufacture," the argument being that the words "in course of manufacture" refer not only to the word "products" but also to the word "machinery." If such was the purpose of the act, then there was no occasion whatever for using the word "machinery," for machinery while being manufactured is simply a product "in course of manufacture."  We are therefore forced to conclude that the word "machinery" is not qualified by the words "in course of manufacture." As the statute provides that "machinery . . . of persons, firms or corporations actually engaged in manufacturing" shall be subject to taxation for state purposes only, and this excludes all forms of local taxation, and, as there can be no doubt that a corporation owning and operating a plant for the generation of electricity is "actually engaged in manufacturing," Kentucky Electric Co. v. Buechel, 146 Ky. 661, 143 S. W. 58; Hughes & Co. v. City of Lexington, 211 Ky. 596, 277 S. W. 981, it follows that appellant's machinery falls within the excepted class, and is not subject to the local tax for school purposes.

There is no merit in the contention that an injunction will not lie.  The suit is not to correct an over-valuation of property by assessing officers, but to enjoin the collection of an illegal tax, a relief which a court of equity will not fail to grant upon proper showing. Gray v. Reynolds Tobacco Co., *supra.*

It follows that the chancellor erred in refusing appellant a permanent injunction.

The next question is whether the chancellor properly fixed the assessed value of the machinery at $360,000. If the machinery had been listed by the company and

assessed by the tax commissioner as a separate item, as it should have been, and thereafter it had been increased by the board of supervisors and then decreased by the quarterly court, the final assessment would have been conclusive, and oral evidence would have been inadmissible, but where, as here, by mistake of the taxpayer and the tax commissioner the machinery was not separately listed, but was grouped with other items and a valuation placed on the whole, oral evidence is admissible to show what values were placed on the various items in order that a court of equity may relieve the taxpayer of the exaction of an illegal tax. The uncontradicted evidence of the company's manager and the tax commissioner is to the effect that the machinery, though grouped with other items, was valued at $360,000.00, the valuation fixed by the chancellor. This would have been correct had it not been for the subsequent action of the board of supervisors and the quarterly court. The tax commissioner fixed the total value of appellant's property at $629,550.00 distributed as follows: Value of improvements in each tract $410,000.00, value of land surface in each tract (4 acres) $4,000.00, total value of tangible personal property $215,550.00. The board of supervisors raised the plant $401,100.00 and the other property $86,000.00, making a total raise of $517,100.00 and a total assessment of $1,-146,650. Afterwards the quarterly court made a reduction in this assessment of $150,650.00, of which $125,491.-45 was taken off the power plant and $25,158.55 was taken off the transmission lines or surface; which, as said in the order, was "a reduction in the same proportion as the increase made by the board of supervisors bears to the assessment." The uncontradicted evidence shows that when the increase made by the board of supervisors and the decrease made by the quarterly court are each distributed in the proportion that each bears to the assessed value as fixed by the tax commissioner, which is the only reasonable and practical way of solving the difficulty, the final assessed value of appellant's machinery is $635,002.-50. To this extent the property is not subject to local taxation, including the graded school tax, and such should have been the judgment of the chancellor.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.